No. 71.—BENJ. S. JORDAN, plaintiff in error, *vs.* SESSIONS FAIRCLOTH, Guardian, &c., defendant in error.

[1.] In ejectment by A. against B., both parties deriving title from C., C. being released by the defendant, is a competent witness to prove the plain-

tiff's deed a forgery.   Nor is B compelled, in such case, to resort first to the witnesses who ostensibly attested the plaintiff's deed.

Ejectment in Baker Superior Court.   Tried before Judge PERKINS, October Term, 1853.

S. Faircloth brought suit against Benj. S. Jordan, for a lot of land.   Both parties claimed under deeds from John Baugh, the grantee, with regular chains of title to the present claimants.

Defendant offered, in evidence, the depositions of John Baugh, to prove that the pretended deed from him, under which plaintiff claimed, was a forgery; to which depositions was attached a release, executed by Jordan to Baugh, from all liability upon his warranty.   To the depositions plaintiff's counsel objected: 1. Because the .witnesses to the deed should be first examined. 2. That the release from Jordan did not relieve Baugh from liability to the intermediate warrantors.   3. That his testimony tended to relieve him from a criminal charge of executing two deeds to the same land.   The Court rejected the depositions, and this decision is assigned as error.

D. A. VASON, for plaintiff in error, contended that the said Baugh was a competent witness:

1st. Because, even without a release, both plaintiffs and defendants claiming from him, under deeds with warranties, he stood perpendicular between them, and was therefore competent.   (See 1 *Greenleaf*, §420.   2 *Moss*, 108.   12 *do.* 237. 16 *do.* 186.   17*th* 197.   9 *Peck.* 176.   *Suppl.* 11 *Phil. Ev.* 66.)

2d. If Baugh did not stand perpendicular between the parties, the release discharged him from any liability to Jordan, and hence placed him indifferent.   But if he stood perpendicular, then the release places his interest all on the side of plaintiff.   Though not a competent witness for plaintiff, yet he was for the defendant, for the reason that he was testifying against his interest; hence, in either event, Baugh was a com-

tent witness for defendant, Jordan. (See 1 *Greenleaf*, §426. 1 *Camp.* 249.   2 *Stark. R.* 340.)

E. H. PLATT, for the defendant in error, contended:

That the testimony of Baugh, the witness, sought to be introduced, was properly rejected by the Court below:

1st. Because the witness was incompetent, upon the ground of interest.   There were two covenanters between Jordan and Baugh, who had not been released; consequently, Baugh was liable to either of them.

2d. That Courts will not dispense with the productions of the subscribing witnesses to a deed, unless they are dead, beyond seas, incompetent from infancy, or unless the instrument is produced by the adverse party under notice, neither of which exceptions apply to this case.   (*Ellis vs. Smith*, 10 *Ga. Rep.* 2.)

3d. That it would be against the policy of the law, to relax this rule, and allow persons, who, it is alleged, have made two deeds to invalidate one and sustain the other.

4th. That subscribing witnesses to a deed are plighted; and a deed properly witnessed, will be taken as executed, until proved to the contrary by competent witnesses, Courts will not presume against the deed, for the purpose of allowing the party to swear against its execution.

5th. That the maker of a deed is incompetent, even upon the trial of a person indicted for forgery, to prove it a forgery; which rule will apply with greater force to civil than criminal causes.   (*State vs. Stanton*, 1 *Iredell*, 424.   *State vs. Whitten*, 1 *Hill S. C. R.* 100.)

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] This is an action of ejectment for lot No. 316, in the 2d district of Baker county.   The plaintiff derives title, regularly, from Baugh, the grantee.   The defendant deduces his title from the same source.   The defendant offered Baugh to prove that the deed, under which the plaintiff claimed, as hav-

ing been made by him, was a forgery.   He also tendered a release to the witness, of his liability over, on account of his warranty.   This testimony was objected to, and repelled by the Court, and we think improperly.

The release by Jordan to Baugh, discharged, of course, all the intermediate warranties, and was consequently sufficient to restore him to competency; because it discharged him from all liability.

But, it is argued, that under an old Statute of 1755, it is made penal for the same person to convey the same tract of land twice, without informing the second purchaser.   Whether this penal Act is in force, notwithstanding the Code of 1833, professing as it does, to consolidate all existing criminal laws, it is not necessary to determine.   Even if the first deed from Baugh is defeated by his testimony, that will not protect the witness for a prosecution for perjury, at the instance of the plaintiff in ejectment, or of any one else.   The verdict in ejectment, could not be given in evidence, in his favor.   So that, admitting the Provincial Act to be unrepealed, or worn out by desuetude, still, the witness could stand indifferent, being liable, in any event, for the one offence or the other.

But, it is insisted, and was so decided in the Court below, that the subscribing witnesses to the deed from Baugh to the plaintiff, should be first examined by the defendant, before he can attack its genuineness by other proof.

But we apprehend, that this case does not come within the rule of *Ellis & Smith,* (10 *Ga. Rep.* 251.)   The forged deed, it will be recollected, had already been read in evidence, under the authentication of its registry.   It was not an offer, on the part of the defendant, to prove the deed, but to disprove it by the nominal grantor.   It would be hard, indeed, to require him to resort to witnesses, who, he protests, have no existence; who are either mere men of straw, or if real persons, whose names, as witnesses have been fabricated.

In analogy to the old ceremony of calling on the persons present, to prove livery of seizin, we still resort to the subscribing witnesses first, to prove its execution.   But this rule can-

not apply to a forged deed ; and one, too, which the party is not seeking to set up, in order to derive a benefit under, but which he is resisting and endeavoring to defeat.

Let the plaintiff summon these witnesses, if above ground and accessible, to support his title. There are too many of these fictitious titles afloat in the country. I do not pretend to insinuate that this is one of them; and the rules of evidence should not be restricted, to save them from detection and exposure.

Judgment reversed.