GOZA *et al. v.* BROWNING.

1. A deed proven to be thirty years of age, purporting to be signed by the alleged grantor and under which he surrendered possession to the person purporting to be the grantee who by himself and his privies in estate remained in possession, was so far proven to be the genuine deed of the alleged grantor, and so far established the genuineness of his signature thereto, as to authorize its admission in evidence, for the purpose of a comparison of handwriting, upon the trial of a cause involving the question of the genuineness of the signature of such grantor to another instrument.
2. Upon a standard of genuineness thus established, it is competent to introduce opinions of persons proven to be experts in handwriting, to the effect that the signature which appears upon the instrument the genuineness of which is in issue, was not made by the same person who signed the deed so proven to be genuine.
3. In the trial of an issue formed upon a petition to cancel a deed on the ground of forgery, it is competent for the plaintiff to introduce the deed and then prove the fact of forgery by any competent evidence at his command, without calling or accounting for the alleged subscribing witnesses; and this is true even though the deed so attacked may upon its face purport to be an ancient document.

July 15, 1895. By two Justices.

Equitable petition. Before Judge CLARK. DeKalb superior court. August term, 1894.

W. I. HEYWARD and GARRETT & NEUFVILLE, for plaintiffs. CANDLER & THOMSON, for defendant.

SIMMONS, Chief Justice.

This was an equitable action to cancel a deed alleged to be a forgery. On the trial of the case the plaintiffs, for the purpose of proving by comparison of handwriting the alleged forgery, offered in evidence a deed purporting to be signed by the same person whose name was signed as grantor to the alleged forged deed. The deed thus offered appeared to have been executed more than thirty years prior to the time of the trial, and there was evidence that the alleged grantor surrendered possession to the person named as grantee therein, and that the

latter remained in possession, claiming under the deed, until she sold the land and turned over the deed to another, who remained in possession of the land up to the time of the trial, and from whose custody the deed was produced. Under this state of facts, we think the deed offered was so far proven to be the deed of the alleged grantor and so far established the genuineness of his signature thereto, as to authorize its admission in evidence as a standard of comparison (Code, §§3840, 3779, 3837); and when admitted for this purpose, the plaintiffs would be entitled to show, as they undertook to do, by an expert in handwriting, that in his opinion, upon a comparison of the signature of this deed with the signature of the deed sought to be cancelled, the signatures were not made by the same person. (See Lawson on Expert and Opinion Evidence, Rule 57, p. 323 *et seq.*) It was not necessary that the plaintiffs should call or account for the subscribing witnesses to the deed sought to be cancelled, before introducing other witnesses to disprove its genuineness. Where a party seeks to prove the execution of a deed, the rule laid down by the court in this case, that the subscribing witnesses must first be called or accounted for, is applicable; but where it is sought to disprove the execution, or, in other words, prove that the deed is a forgery, it is not necessary to call or account for the alleged subscribing witnesses. In the case of *Jordan* v. *Faircloth*, 14 *Ga.* 544, Judge LUMPKIN, in discussing this question, says: "It was not an offer on the part of the defendant to prove the deed, but to disprove it by the nominal grantor. It would be hard indeed to require him to resort to witnesses who he protests have no existence; who are either men of straw, or if real persons, whose names as witnesses have been fabricated. In analogy to the old ceremony of calling on the persons present to prove livery of seizin, we still resort to the subscribing witnesses first, to prove its exe-

·cution. But this rule cannot apply to a forged deed; and one, too, which the party is not seeking to set up in order to derive a benefit under, but which he is resisting and endeavoring to defeat."

*Judgment reversed.*