## 9168.   EIDSON *et al. v.* THE STATE.

BROYLES, P. J.   1.   The following instructions of the court are excepted to:   (1) "If you find from the testimony, beyond a reasonable doubt, in the county of Haralson on the day named in the indictment, or any

other time within two years before the finding of this bill of indictment, that the defendant, or defendants, Bill Eidson and E. J. Smith, did unlawfully assault A. H. Keener with weapon as described in bill of indictment and attempt to commit a violent injury upon the person of A. H. Keener, then you would be authorized to find the defendant or defendants guilty of the offense of assault, or assault ·and battery, as the testimony may show, and the punishment for an assault is as for a misdemeanor." (2) "You are to find the facts from the testimony submitted on the trial of the case. You are not to go outside of the testimony to find the facts. You are the judges of the law and the facts. You are bound by the law as written and given you in charge by the court. That is the means, and the only means, from which you are to learn the law of the case, just as the testimony which has been submitted to you is the only means from which you are to learn the facts of the case." (3) "After taking the law from the court, and the facts from the witnesses, you then determine what the verdict should be, considering what the law is and what the facts are." These excerpts from the charge of the court, when considered in connection with the charge as a whole (the court, having properly instructed the jury in regard to the defendants' statements), did not restrict the jury to the *sworn* testimony and eliminate from their consideration the defendants' statements. *Jordan* v. *State*, 130 *Ga.* 406 (5), 408 (60 S. E. 1063), and cases there cited.

2. The following excerpt from the charge was excepted to: "The burden is on the defendants to establish the defense of alibi, by a preponderance of the evidence, under the rules I have called your attention to, and if you find, from a preponderance of the testimony submitted on the trial of the case, that it was impossible for the defendant or defendants, to have been present at the scene of the alleged offense, then you would be authorized to find the defendants not guilty of the offense as charged, but should acquit them." This was not erroneous for the reason assigned, to wit, "because said charge required defendants to prove said defense of alibi by a stronger weight of evidence than is required by the law, which only requires a sufficient amount of evidence to create a doubt in the minds of the jury." The judge elsewhere in his charge properly instructed the jury upon the subject of reasonable doubt, and also, immediately following the charge complained of, gave the following instruction: "You may consider the testimony as to an alibi with the other testimony, and, with all the evidence considered together, if it creates within your minds a reasonable doubt as to the guilt of the accused, it would be your duty to give them the benefit of the doubt and acquit the defendants." *Cochran* v. *State*, 113 *Ga.* 726 (39 S. E. 332); *Lucas* v. *State*, 110 *Ga.* 756 (2) (36 S. E. 87); *Bone* v. *State*, 102 *Ga.* 387 (2) (30 S. E. 845).

3. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED NOVEMBER 2, 1917.

Indictment for assault and battery; from Haralson superior court—Judge Bartlett.   July 18, 1917.

*James Beall, M. J. Head,* for plaintiffs in error.

*J. R. Hutcheson, solicitor-general,* contra.