## 9437. GARRETT v. THE STATE.

BROYLES, P. J. · 1. In an indictment for simple larceny, where the offense charged is hog-stealing, the following description of the animals alleged to have been stolen is sufficient, viz.: "One black barrow hog of the value of six dollars; one black and white spotted female hog of the value of six dollars, of the personal property of Mrs. Elizabeth Wood, and both the value of twelve dollars." *Rivers* v. *State*, 57 *Ga.* 28; *Alderman* v. *State*, Id. 367; *Harvey* v. *State*, 121 *Ga.* 590 (49 S. E. 674); *Wheeler* v. *State*, 18 *Ga. App.* 15 (88 S. E. 712); *Geiger* v. *State*, 21 *Ga. App.* 75 (93 S. E. 1027). The court did not err in overruling the demurrer to the indictment.

2. Failure to instruct the jury that the killing of the hog by the defendant in his field, without any intention of stealing it, would not constitute the offense of simple larceny, was not error; this theory of defense being raised solely by the defendant's statement, and there being no request to give it in charge to the jury.

3. The conviction of the defendant not depending entirely on circumstantial evidence, the court did not err in failing to charge the law of circumstantial evidence, in the absence of a timely written request.

4. Upon the trial the solicitor-general expressly abandoned the charge in the indictment as to the larceny of the black barrow hog. The evidence as to the description of the other hog was in substantial accordance with that stated in the indictment. Under such circumstances the judge did not err in failing to charge, in the absence of a timely written request to do so, "that the proof in the case must agree and correspond with the allegations in the indictment;" he having instructed the jury that if they were "satisfied from the evidence in this case beyond a reasonable doubt that the defendant is guilty, having committed the larceny of the animal *described in the indictment against him* [italics ours], if you are satisfied of that beyond a reasonable doubt, then it would be your duty to convict him the defendant. If you are not so satisfied, then it would be your duty to find him not guilty."

5. The following excerpt from the charge is excepted to: "If you are satisfied from the evidence in this case, beyond a reasonable doubt, that the defendant is guilty, having committed the larceny of the animal described in the indictment against him, if you are satisfied of that beyond a reasonable doubt, then it would be your duty to convict him, the defendant. If you are not so satisfied, then it would be your duty to find him not guilty." This portion of the charge, when considered in connection with the charge as a whole (the court having properly instructed the jury in regard to the defendant's statement at the trial), is not subject to the exception that it restricted the jury to the sworn testimony and eliminated from their consideration the defendant's statement. *Jordan* v. *State*, 130 *Ga.* 406 (60 S. E. 1063); *Eidson* v. *State*, 21 *Ga. App.* 244 (94 S. E. 73).

6. The charge as a whole was a fair and sufficiently full presentation of the controlling issues and the law of the case, and properly instructed the jury in regard to the defendant's statement.

51

7. The defendant introduced no evidence, but, while making his statement, asserted that he had bought hogs of the same description as that given in the indictment, and had given his check in payment therefor. He held this alleged check in his hand, and, without being directed to do so by his counsel, handed it to a member of the jury, who took it and examined it. Other jurors also examined this check, and it was then returned to the defendant. This proceeding was not objected to by either the defendant's or the State's counsel. The check was not identified by the stenographer as evidence, nor was it formally offered or admitted in evidence, nor was it sent out with the jury when they retired to consider their verdict. Counsel for the State contended that this transaction amounted to the introduction of evidence by the defendant, and on his motion the court allowed the State the opening and conclusion of the argument. It does not appear, however, that this ruling was made *over the objection of the defendant or his counsel.* Accordingly the question as to whether this ruling was erroneous will not be passed upon. If the defendant acquiesced in this ruling at the time it was made, and took his chances of an acquittal, he will not be heard subsequently to question its correctness in his motion for a new trial. The right to open and conclude the argument, especially in a criminal case, is a substantial and valuable right, but, like every other right, even the right of trial itself, it may be waived. If this ruling was made over the defendant's objection, then this vitally important fact should have been made to appear in his motion for a new trial.

8. A motion for a mistrial was made by the defendant's counsel because the solicitor-general, during his argument to the jury, said: "If the character of this defendant is so good, why doesn't he bring in some of his neighbors to show that fact? Can he do it?" The character of the defendant not having been put in issue, this comment by the State's counsel was unauthorized and illegal; but as the record discloses that the judge, as soon as his attention was called to the matter, specifically instructed the jury that they were to disregard any comments by the solicitor-general as to the character of the defendant, and that "the legal presumption is that the defendant's character is good," his discretion does not appear to have been abused by his refusal of the motion.

9. It does not appear that the trial judge abused the wide discretion vested in him, in overruling those grounds of the motion for a new trial which were based upon alleged newly discovered evidence.

10. The evidence authorized the defendant's conviction, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 6, 1918.

Indictment for larceny; from Worth superior court—Judge Eve. September 14, 1917.

*Passmore & Forehand,* for plaintiff in error.

*R. S. Foy, solicitor-general,* contra.