### 11565.  WHITE *v.* THE STATE.

BLOODWORTH, J.  1. "The conviction of the defendant not depending entirely on circumstantial evidence, the court did not err in failing to charge the law of circumstantial evidence, in the absence of a timely written request." *Garrett* v. *State,* 21 *Ga. App.* 801 (3) (95 S. E. 301).  See also *Cook* v. *State,* 22 *Ga. App.* 771 (12), 780 (97 S. E. 264), and cit.

2. The court did not err in charging the jury as follows: "The issue in this case is whether this defendant did violate this law; that is the real and only issue in the case.  The State charges that he did violate it, and he denies it.  The question for you to settle is whether or not he is guilty of the violation of this law.  It is a question of fact for you to determine.  The court has nothing to do with it."

3. The evidence is ample to support the verdict.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 13, 1920.

Indictment for the manufacture of liquor; from Upson superior court — Judge Searcy.   April 24, 1920.

*W. Y. Allen,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

---

### 11574.  STANFORD *v.* THE STATE.

BLOODWORTH, J.  The motion for a new trial in this case contains the usual general grounds only; there is direct evidence of the guilt of the accused, and the judgment must be

*Affirmed.   Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 13, 1920.

Accusation of gaming; from city court of Macon — Judge Guerry.   April 20, 1920.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Will Gunn, solicitor,* contra.