### 11750.  ADAMS v. THE STATE.

BLOODWORTH, J.  1. The sufficiency of the description of the hogs alleged to have been stolen was brought in question by demurrer to the indictment, in which they were described as " one red and black spotted sow hog of value $10, one white and black spotted sow hog of value $10, one red and black spotted male hog of value $10, one dark red male hog of value $10, and two white and black spotted sow hogs of value of $10 each; all of the value of sixty and no/100 dollars and of the personal goods of O. A. Allen." Under the ruling in *Garrett* v. *State*, 21 *Ga. App.* 801 (1) (93 S. E. 513), and the cases therein cited, the court did not err in overruling the demurrer.

2. There is no merit in any of the grounds of the amendment to the motion for a new trial.  There was some evidence to support the verdict, which has the approval of the trial judge, and the judgment must be
*Affirmed.  Broyles, C. J., and Luke, J., concur.*
DECIDED NOVEMBER 9, 1920.

Indictment for larceny of hog; from Wilkinson superior court —Judge Park.  July 19, 1920.

The court charged in substance that the jury would be authorized to convict the accused if the evidence satisfied their minds that the hogs were stolen from the prosecutor and were found in the recent possession of the defendant, and if the defendant or the evidence in the case failed to give a reasonable explanation of this possession.  This part of the charge was complained of as expressing an opinion that these facts would prove guilt beyond a reasonable doubt.  It was further contended that the court erred in using the words "recent possession" and not explaining that it is the possession of the recently stolen hog that would require an explanation.

*Sibley & Sibley*, for plaintiff in error.
*Doyle Campbell*, solicitor-general, *A. Y. Clement*, contra.