MYERS *v.* WRIGHT, trustee.

HILL, J.   1. The first ground of the motion for new trial complains that the court below erred in admitting in evidence, over objection, a certified copy of the adjudication as a bankrupt of J. H. Myers & Son, a partnership composed of J. H. Myers and Jesse Myers, as a partnership and individually, which copy was certified by the referee in bankruptcy as custodian of the matter; the objection being that the certificate is not signed by the proper authority, that is "by the clerk of the superior court or a deputy of said court. It is certified to by the referee in bankruptcy, and he is not the keeper of the records." *Held*, that the admission of such evidence is not error for the reason assigned. *McLanahan* v. *Blackwell*, 119 *Ga.* 64 (45 S. E. 785); 1 Collier on Bankruptcy (12th ed.), 509 (a); *Bank of Manchester* v. *Birmingham Trust &c. Co.*, 156 *Ga.* 486 (119 S. E. 603).

2. On the trial of the case counsel for plaintiff propounded to T. E. Wright, the plaintiff, the following question: "What, if anything, did you hear him [J. H. Myers] say under his oath there with reference to the manner in which he had sold this land that is in controversy here in this litigation, and his having the right to repurchase it within five years, if you heard him say anything to that effect?" This above question referred to the testimony delivered by J. H. Myers when he was examined at a creditors' meeting before the referee in bankruptcy.   Counsel for movant objected as follows.   "I object to the question and move to exclude the question; and I object to the evidence he seeks to elicit, because of the fact that J. H. Myers has not answered here, and state-

ments made by him not in the presence of W. A. Myers, this defendant, cannot be competent testimony in the case on trial so far as W. A. Myers is concerned. It is not competent testimony." The court ruled as follows: "J. H. Myers is a party, and it would be admissible against him." Counsel for movant, objecting further, said: "The trustee is suing him, and there is no controversy between him and the trustee; the controversy is between W. A. Myers and the trustee; and this evidence is not admissible and is not competent—the sayings of another party not in the presence of this party, W. A. Myers." The court: "What is the date of the deed from J. H. Myers?" Mr. Wood, counsel for the plaintiff: "In 1920." The court: "I will overrule the objection." Whereupon the witness testified as follows: "I was present at Marietta before the referee on this application for bankruptcy at the time they had the creditors' meeting and at the time they examined [J. H. Myers]. At that time in giving in his evidence he said that he had deeded this property to W. A. Myers, and that he had five years to redeem it in and get it back. He claimed that W. A. Myers had paid him, but that he had that long to get it back. This statement was made while he was giving his evidence in the creditors' meeting before Mr. Anderson, the referee." *Held,* that this testimony was not incompetent, it appearing that J. H. Myers remained in possession after the sale; nor for the reason assigned, that the issue on trial was between the plaintiff and W. A. Myers, and any statement that J. H. Myers, the codefendant, made at any time in the absence of W. A. Myers could not be admitted so as to affect W. A. Myers' title. *Banks* v. *McCandless,* 119 *Ga.* 793, 795 (47 S. E. 332).

3. Error is assigned in the third ground of the motion for new trial, because the court admitted in evidence the original petition of J. H. Myers & Son, together with a schedule of assets and liabilities filed in the United States court for the northern district of Georgia, to be adjudged a voluntary bankrupt. Movant objected to this evidence, on the ground that it is not a transcript from the record of the United States court, and because it is the original petition, and not a proper transcript and under the seal of the clerk of that court. *Held,* that the admission of this evidence was not error, it being admitted that the record offered in evidence was the original. *Rogers* v. *Tillman,* 72 *Ga.* 479.

4. The refusal of the court to direct a verdict for either party is not cause for a new trial.

5. The court charged the jury as follows: "Now the burden, gentlemen, is on the plaintiff to establish the averments of his petition by a preponderance of the evidence, that is the greater weight of the evidence; that is the rule as to W. A. Myers." This charge is not error for the reason that it is not in compliance with the statute defining what is the preponderance of evidence; there being no timely request to give a fuller charge on the subject.

6. The verdict was authorized by the evidence, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except*

BECK, P. J., who dissents from the ruling in the second paragraph.

No. 4008.   JUNE 12, 1924.

Equitable petition. Before Judge Blair. Cherokee superior court. September 29, 1923.

T. E. Wright, as trustee in bankruptcy for J. H. Myers, bankrupt, brought an equitable petition against J. H. Myers and W. A. Myers, and prayed for the cancellation of a certain deed executed by J. H. Myers to W. A. Myers to certain lands in Cherokee County. The petition alleged that the deed was made as part of a fraudulent scheme and with the intention on the part of J. H. Myers to hinder, delay, and defraud his creditors. The deed was dated November 1, 1920, and recorded May 20, 1921. It recited a consideration of $750, and that it was made subject to a loan deed held by Mrs. Agnes T. Coggins to secure a loan of $500, dated October 25, 1916, which loan W. A. Myers agreed to assume and pay, and when so paid by him "he has all the title." It was also alleged that W. A. Myers had knowledge of the intention of J. H. Myers to defraud and delay the creditors of J. H. Myers when the deed was made; and that W. A. Myers paid no consideration for the land. By amendment the plaintiff alleged that the deed of November 1, 1920, was fraudulent and void, for the reason that at the time of making it it was agreed between J. H. Myers and W. A. Myers that J. H. Myers reserved to himself the right to repurchase the property within five years, or other time, at the alleged consideration, and for this reason the deed was fraudulent and void as against plaintiff. J. H. Myers filed no answer. W. A. Myers filed an answer in which he denied the allegation in the petition that the deed was part of a fraudulent scheme to defeat and defraud the creditors of J. H. Myers. He admitted that the deed was executed by J. H. Myers, but denied that it was made for a fraudulent purpose, and denied that the consideration thereof was a pretended consideration, but averred that the consideration was real and that he paid the full value thereof. He also denied that the date stated in the deed was not the correct date, but averred that it was the true date on which the deed was executed. He also averred that he bought the land in question in absolute good faith, and that in addition to the consideration of $750 which he paid J. H. Myers he assumed and agreed to pay Mrs. Agnes T. Coggins $500 secured by a loan deed to the land, dated October 25, 1916, which deed was outstanding and the debt due and owing to Mrs. Coggins by J. H. Myers at the time the

deed was made by J. H. Myers to W. A. Myers. He averred that he had to pay off this loan deed to secure a perfect title to the land, and that he received title from Mrs. Coggins, conveying to him the land in question; and he denied the right of the plaintiff to recover an interest in the land. The jury returned a verdict in favor of the plaintiff, and set aside the deed. The defendant made a motion for new trial, which was overruled, and he excepted.

*J. P. Brooke,* for plaintiff in error.

*George F. Gober, John S. Wood,* and *A. J. Henderson,* contra.