20150. COOK v. THE STATE.

DECIDED JANUARY 14, 1930.

J. P. Brooke, for plaintiff in error.

George D. Anderson, solicitor-general, contra.

LUKE, J. The accusation in this case charges Anderson Cook and his brother, the defendant, with the larceny of a certain heifer, the property of S. B. Hudson. Virgil Cook was tried and convicted, and his motion for a new trial based upon the general and four special grounds was overruled by the court.

From the evidence it appears that the heifer described in the accusation was in a pasture close to S. B. Hudson's residence on August 6, and that Hudson missed the heifer on the following morning and made an unsuccessful search for her. Ed. M. Gillette testified: that between 6:30 and 7:30 o'clock on the morning of August 7 he purchased the said heifer for six cents a pound, paying for it with a check dated August 7, 1928, and payable to A. B. Cook, the defendant's brother, and that he had bought cows from the two brothers before. After testifying that he did not know whether the defendant or his brother sold him the animal, the witness testified as follows: "As to the conversation, and whether I know which one it was, it was both of them. . . They both went with me to weigh the cow. . . I said they both negotiated with me in reference to the sale. . . They were A. B. and V. S. Cook. I was instructed to make the check to A. B. Cook. . . They wanted the cash. They asked for the cash, but I gave them a check. . . I kept that heifer about a week before Mr. Hudson came for it." The check given in payment for the heifer was dated August 7, 1928, and was payable to the order of A. B. Cook and indorsed by him. The defendant's statement at the trial was in effect that his brother asked him to go with him to sell his calf; that the heifer was in a pasture with several other cows and he thought it belonged to his brother; that they put the animal in his brother's

automobile and carried it to Mr. Gillette; and that his brother sold the cow and received the check, and that he (defendant) had nothing whatever to do with the transaction except as stated by him.

The evidence conclusively shows that Hudson's heifer was stolen. It further appears from the record that the animal was loaded in an automobile early in the morning by the two brothers and sold to Mr. Gillette. Mr. Gillette testified that the defendant and his brother went to see the animal weighed, that both negotiated about the sale, and that "they asked for the cash." It appears also that the defendant's brother had fled. The jury had the right to conclude that the defendant was directly implicated in the larceny of the heifer, and the court did not err in overruling the general grounds of the motion for a new trial.

Special ground 1 complains of refusal to grant a continuance because of absence of the defendant's brother. It appears from this ground that this brother was jointly indicted with the defendant and was under bond to appear at court; that within half an hour from the time the brother told the defendant that he "was going to plead guilty . . he was gone;" that the defendant expected to show by his brother that he (the defendant) "had nothing in the world to do with it;" that the defendant expected to have his brother at the next term of court "if it was possible;" that the case had been continued at the previous term of court because of the brother's absence; and that he had never been subpoenaed. It appearing from the ground that the case had been continued already because of the brother's absence, that he was a fugitive from justice, that he had never been subpoenaed, and that there was no reasonable assurance that he would be at the next trial, we can not say that the court erred in overruling the first special ground of the motion for a new trial.

Special ground 2 complains that the court erred in charging the law of recent possession. The gist of the charge complained of is as follows: "Upon this subject the court instructs you that where a larceny is shown to have been committed, and that soon thereafter a party, or parties, are found in possession of the goods or any portion of them that were stolen, that such possession, if not satis-factorily explained to the jury, may of itself be sufficient to authorize the jury to find that such person or persons so in posses-

sion of the goods is the person or persons that committed the larceny, if it satisfies the minds of the jury in the manner that I have instructed you about. So in this case, if you find that this defendant, either by himself, or in connection with another or others, took away the heifer that is described in this indictment, that they did that in this county and at a time within four years before this indictment was returned into this court, and that their intent at the time was to steal it and convert it to his own or their own use, to the exclusion of the lawful owner of it, it would be your duty to convict him." It is contended that the evidence did not authorize the charge; that it was not a clear expression of law; that it did not enunciate a correct rule of law; and that it concluded in such language as tended to cause the jury to believe that the possession of "the stolen heifer" by the defendant's brother was a circumstance from which they could conclude that the defendant was guilty of larceny.

The charge was warranted by the evidence and the defendant's statement, was applicable to the facts of the case, and expressed correctly and with sufficient clearness the law that recent possession of stolen goods, unexplained, may warrant a conviction of larceny. See *McAfee* v. *State,* 68 *Ga.* 823; *Calloway* v. *State,* 111 *Ga.* 832 (36 S. E. 63). The excerpt certainly did not conclude in such language as to lead the jury to believe that possession of the stolen property by the brother alone was a circumstance from which they could infer the guilt of the defendant. The charge was not erroneous for any reason assigned.

Special ground 3 alleges that the charge of the court was erroneous "because the court erred in not charging the jury on movant's explanation of his connection with the stolen property, on his explanation of his connection with his possession of the stolen property soon after it was stolen." The explanations referred to arise solely from the defendant's statement, and, in the absence of a special request so to charge, the court's failure to instruct the jury more fully as to defendant's contentions was not error. See *Garrett* v. *State,* 21 *Ga. App.* 801 (2) (95 S. E. 301); *Andrews* v. *State,* 118 *Ga.* 1, 5 (43 S. E. 852).

Special ground 4 insists that there was no evidence to authorize the following charge: "If you are not convinced that this defendant was the actual perpetrator of the offense, yet you believe

that the property described in the indictment was stolen in this county, and that this defendant, while not the person who actually stole the property, was present, aiding, abetting, counseling, or procuring another in the commission of the offense, then I charge you that he would be equally guilty with the person who actually took the property, if you find that in the manner I have instructed you about." The evidence and the statement of the defendant warranted this charge.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*