21294. CROSBY *v.* THE STATE.

BROYLES, C. J. 1. The first special ground of the motion for a new trial complains that the court erred in holding that a certain juror in the panel of forty-eight jurors drawn to try the accused was disqualified and in excluding him from the panel. The ground, however, does not show nor allege that this ruling was prejudicial to the accused, and, therefore, it raises no question for consideration by this court. It is well settled that a plaintiff in error must show, not merely error, but harmful error.

2. It appears from the second special ground, complaining of the admission of certain testimony, that the only objection made to the testimony at the time it was given was that it was "irrelevant and immaterial and impertinent to the issues in this case." The objection was too general to raise any question for determination by this court. *Manning* v. *State,* 33 *Ga. App.* 610 (9) (127 S. E. 475).

3. The third special ground is not unqualifiedly approved by the trial judge, and, therefore, under repeated rulings of the Supreme Court and of this court, it can not be considered by this court.

4. The court having correctly charged upon the defendant's statement to the jury, the following excerpt from the charge was not error: "If upon a consideration of the evidence in this case you find there is a conflict in testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, it is your duty to reconcile such conflict or conflicts if you can, without imputing perjury to any witness and without imputing a false statement to the accused. If you can not do that, it then becomes your duty to believe that witness or those witnesses you may think most entitled to belief." This excerpt from the charge, when viewed in the light of the charge as a whole, did not "amount to a statement to the jury that if there were conflicts between the defendant's statement and the testimony of any witness or witnesses it would be the duty of the jury to accept and believe the testimony of the witness or witnesses in preference to the statement of the accused." *Eidson* v. *State,* 21 *Ga. App.* 244 (94 S. E. 73); *Tyre* v. *State,* 37 *Ga. App.* 376 (140 S. E. 527); *Jordon* v. *State,* 130 *Ga.* 406 (5), 408 (60 S. E. 1063), and cit.

5. In the light of the facts of the case and the charge of the court as a whole, the remaining special grounds of the motion for a new trial (complaining of certain excerpts from the charge and of the court's refusal to give certain requested instructions) show no error requiring the grant of a new trial.

6. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 14, 1931. REHEARING DENIED MAY 13, 1931.

*John Rogers, J. P. Highsmith,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.