30424. BARNES *v.* THE STATE.

DECIDED APRIL 6, 1944.

*R. M. Nicholson, Erwin & Nix,* for plaintiff in error.

*D. M. Pollock, solicitor-general,* contra.

GARDNER, J. ■ It will readily be seen from the evidence that the jury were fully authorized to return a verdict of illegally shooting at another. The general grounds of the motion for new trial are not meritorious.

■ There are three special grounds.

(a) Special ground 1 assigns error on the following charge: "If you find, in considering the evidence, that there is a conflict in the testimony between the witnesses, or a conflict between the witness or witnesses and the defendant's statement, then I tell you you are the exclusive judges as to the credibility of the witnesses." Error is assigned on this charge, first, because it inferentially withdrew from the consideration of the jury the credibility of the defendant's statement; and second, because it tended to lead the jury to believe that they need not consider the credibility of the defendant's statement. This court stated in *Crosby* v. *State,* 43 *Ga. App.* 220 (4) (158 S. E. 633): "The court having correctly charged upon the defendant's statement to the jury, the following excerpt from the charge was not error: 'If upon a consideration of the evidence in this case you find there is a conflict in testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, it is your duty to reconcile such conflict or conflicts if you can, without imputing perjury to any witness and without imputing a false statement to the accused. If you can not do that, it then becomes your duty to believe that witness or those witnesses you may think most entitled to belief." This excerpt from the charge, when viewed in the light of the charge as a whole, did not amount to a statement to the jury that if there were conflicts between the defendant's statement and the testimony of any witness or witnesses it would be the duty of the jury to accept and believe the testimony of the witness or witnesses in preference to the statement of the accused.' *Eidson* v. *State,* 21 *Ga. App.* 244 (94 S. E. 73); *Tyre* v. *State,* 37 *Ga. App.* 376 (140 S. E. 527); *Jordan* v. *State,* 130 *Ga.* 406 (5), 408 (60 S. E. 1063), and cit." In the instant case, the court charged the law fully with reference to the defendant's statement. When we consider the charge as a whole we find no merit in this ground.

(b) Special ground 2 assigns error on the following charge: "If, after considering all the facts and circumstances of the case, giving to the defendant's statement just such weight and credit as you think it entitled to receive, your minds are wavering, unsettled, and unsatisfied, then that is doubt of the law and you should acquit the defendant, but if that doubt does not exist, then you should convict the defendant." Error is assigned on this charge because it in-

structed the jury that if their minds were wavering and unsettled, such mental state created a doubt under the law, and it would be their duty to acquit; that the court should have charged that the "doubt" was one as to the defendant's guilt. A charge in almost identical words was held free of error in *Dumas* v. *State*, 63 *Ga.* 600 (8) where the court said: "There is no error in charging, 'If, after an honest and impartial examination, your minds are wavering, unsettled, unsatisfied, that is the doubt of law and you should acquit; if that doubt does not exist, you should convict.'" Therefore this assignment of error is without merit.

(c) Special ground 3 excepts to the following excerpt from a supplemental charge: "Gentlemen, one thing I wish to call to your attention: in all cases of assault with intent to murder one of the ingredients is the intent to kill." The error assigned is that it had the effect of singling out and particularly calling to the jury's attention the offense of shooting at another, and tended to cause the jury to believe that the defendant was guilty of the offense of shooting at another, for which he was found guilty. To understand the assignment of error in this ground we deem it necessary to state that in the original charge the court evidently overlooked charging the law as to the offense of shooting at another, which under the evidence was in the case. Not to have charged this principle would have been reversible error under the case made by the evidence. The record states that, after having given the original charge, the court requested the jury to retire, and "immediately recalled them." Immediately following the portion of the instruction of which complaint is made, and in connection therewith, the court charged: "Now, should you believe that there was no intent to kill, you should not find him guilty of assault with intent to murder, or should you believe that he shot and was justified, you should not find him guilty. But should you believe under the evidence that there was no intent to kill, or that he shot without malice due to a sudden heat of passion, then, if you do not feel it was justified under the rules I have given you, he would be guilty of the offense of unlawfully shooting at another." The court then proceeded to charge fully the law with reference to shooting at another, which in the first instance had evidently been overlooked. When we consider the excerpt set out in this ground of the motion in connection with the entire charge, the instruction complained of

is not subject to the criticism made. The judge has a discretion to supplement his charge. *Southern Railway Co.* v. *Lee,* 59 *Ga. App.* 316, 319 (6) (200 S. E. 569), Indeed, it is his duty, upon failure in the first instance to instruct the jury fully concerning the issues involved, to recall the jury and supplement his charge in order to do so. It is not contended that the excerpt is an erroneous statement of the law nor that it was not applicable to the facts. It is our opinion that it was a proper and correct instruction, under the facts of the case, viewed in the light of the original and the supplemental charge. This assignment has no merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*