36054. WOOD *v.* THE STATE.

Decided February 29, 1956.

484

*Wesley R. Asinof,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General,* contra.

GARDNER, P. J. █ Counsel for the defendant contends that the evidence for the State failed to prove the corpus delicti. We have set out the evidence somewhat in detail. It shows beyond peradventure that the jury were amply authorized, under the evidence, to find that the corpus delicti was proved and that the defendant was engaged in the maintaining and operation of the crime charged in Cobb County within the statute of limitations. This contention is without merit.

█ The one special ground assigns error as follows: "Because movant contends that the court erred in charging the jury as follows: 'If upon consideration of the evidence in the case you find that there is a conflict between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, it

would be your duty to reconcile that conflict if you can without imputing perjury to any witness and without imputing a false statement to the accused. If you can not do that it then becomes your duty to believe that witness or those witnesses you may think best entitled to belief.'

"Movant avers that the foregoing charge of the court was erroneous and injurious to him because it was misleading to the jury in that it was contended by the defendant by his statement to the jury that the witnesses for the State were not telling the truth, and said charge was prejudicial to the rights of the defendant in that said charge instructed the jury to believe the sworn testimony in the case in preference to the statement of the defendant in the event they were unable to reconcile the sworn tstimony with the defendant's statement.

"Movant avers that said charge was also erroneous as an abstract principle of law.

"Movant further shows that in his statement to the jury he denied that there were any lottery tickets in his possession, whereas the witnesses for the State testified on oath that they found some lottery tickets in his, the defendant's pocket. Movant avers that said facts show a conflict between the witnesses for the State and the defendant's statement, and that the jury, under the law, would have been authorized to believe the defendant's statement in preference to the sworn testimony of the State's witnesses, if the jury found said testimony to be in conflict with the statement of the defendant and to be irreconcilable."

The assignment of error on this special ground has no merit. This court dealt with this question fully in *Barnes* v. *State,* 71 *Ga. App.* 9, 11 (29 S. E. 2d 919), and in that opinion called attention to *Edison* v. *State,* 21 *Ga. App.* 244 (94 S. E. 73); *Tyre* v. *State,* 37 *Ga. App.* 376 (140 S. E. 527), and *Jordan* v. *State,* 130 *Ga.* 406 (5) (60 S. E. 1063). According to the evidence in the case at bar and viewing the charge as a whole, this principle of law and question has been decided adversely to the defendant in the above case.

*Delk* v. *State,* 135 *Ga.* 312 (69 S. E. 541, Ann. Cas. 1912A 105) and *Hayden* v. *State,* 69 *Ga.* 731, cited by counsel for the defendant, do not apply to the facts and pleadings in the instant case and have no merit.

In conclusion we deem it appropriate to add that the evidence in the instant case reveals that this crime particularly covers many counties if not the State as a whole. It is elementary that in misdemeanor cases, such as here, all who participate in the crime are principals. It matters not whether or not they are all residents of the same county. Therefore, in the instant case the evidence reveals that the defendant and Montgomery were carrying on this lottery which gives the purchasers of the tickets a one to five hundred chance to win (this court has judicially determined this). It occurs to us that there should be some legislation to make the purchaser of lottery tickets guilty as a party to the crime as in poker and many other gaming devices. We see no reason why it could not be done by proper legislation. Such legislation would perhaps go a long way in discouraging the purchasers of lottery tickets from participating in a one to five hundred chance on such a gambling device.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*