44613.   HARRISON v. THE STATE.

WHITMAN, Judge. 1. The State's motion to dismiss the appeal on the ground that the designation of the judgment appealed from lacks specificity is not meritorious. While the notice designates a judgment of conviction and sentence entered November 9, 1968, and the record reveals that the judgment of conviction and sentence was in fact entered November 8, 1968, which would have required dismissal under the rulings made in *Walker v. Walker,* 222 Ga. 521 (150 SE2d 635) and *Bowers v. Gill,* 222 Ga. 529 (150 SE2d 653), the amendment of 1968 to the Appellate Practice Act (Ga. L. 1968, p. 1072, et seq.), now found in *Code Ann.* § 6-809 (d), provides that there shall be no dismissal if it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of these, what judgment was appealed from and what errors are sought to be asserted on appeal, notwithstanding a failure to specify definitely the judgment appealed from. The only judgment in this record is that of conviction and sentence entered November 8, 1968. The judgment is sufficiently described in the notice of appeal to indicate what the appeal is directed to, and it is apparent

what the appeal is directed to, and it is apparent that the misstatement of the date is a typographical error.

2. Defendant entered a timely challenge to the array of the jury on the ground that the jurors had been drawn October 23, 1968, after the end of the July term of court, for service beginning during the October term on November 4, 1968. The challenge was denied, and we think properly so. Although *Code* § 59-701 does provide that petit juries shall be selected at the same time and in the same manner as grand juries, and § 59-203 provides for the selection of grand jurors at the close of each term for service at the ensuing term, this is not exclusive, as will be observed by a reading of § 59-713. The October term of Clarke Superior Court begins on the second Monday in October of each year, which in 1968 was October 14th. It was three weeks later when appellant was placed on trial. Obviously the October term was "prolonged beyond the week or period for which juries were drawn at the close of the preceding term." And if for some reason no jurors, or an insufficient number of jurors, had been drawn at the close of the July term, court had convened and the drawing of a jury for service was necessary to expedite the business then before it, in which event "the judge shall, in the manner prescribed for drawing juries at the close of the regular term, draw such juries as may be necessary." And see *Rawlings v. State,* 163 Ga. 406 (136 SE 448).

3. Where a handwriting expert, after giving details in making comparison of signatures suspected of having been forged with known exemplars, there was no error in admitting her testimony that "I have concluded from the examination of the signatures on the questioned check that neither of them were freely written, nor authentic signatures, just by comparing them with themselves," and further that "we concluded that Mr. Blount did not write the Bush signature and Mr. James F. Bush did not write the Blount signature." In so testifying the expert was merely giving her opinion, after having related the facts upon which it was based. It was not subject to the objection that her use of the phrases "I have concluded" and "We concluded" was an unwarranted and unlawful invasion of the province of the jury. *Bates v. State,* 18 Ga. App. 718 (3) (90 SE 481); *Borders v. City of Macon,* 18 Ga. App. 333 (4) (89 SE 451); *Goza v. Browning,* 96 Ga. 421 (23 SE 842); *Patton v. Bank of LaFayette,* 124 Ga. 965,

967 (53 SE 664, 5 LRA (NS) 592, 4 AC 639; *Copeland v. State,* 66 Ga. App. 142, 145 (17 SE2d 288).

4. While certified copies or exemplifications of public records are generally to be used as evidence in proving their contents because the originals are required by law to be kept in the office where they are to be filed (*Code* §§ 38-601, 38-602) yet the original record is admissible (*Rogers v. Tillman,* 72 Ga. 479; *Moody v. Board of Commissioners,* 29 Ga. App. 21 (6) (113 SE 103); *Myers v. Wright,* 158 Ga. 418 (3) (123 SE 740)); and where there is proof that the document offered is the original or admission that it is the original, and particularly where it is offered as a known exemplar for making comparison of handwriting with a suspected forged document, the overruling of an objection to the admission of the document on the ground that the "foundation has not been laid," and that "a public document has to be admitted through the use of a certified copy under seal of the Department, signed by a person authorized by the General Assembly" was not error. The very purpose of the evidence here would generally preclude the use of a certified copy, since these are or may be prepared by use of a typewriter, in which event no comparison of the handwriting would be possible, and if made by reproductive methods such as photocopying the comparison may not be as efficiently and accurately made. A certified copy is generally tendered for proving contents of the document, and for that purpose it can serve as efficiently as the original.

There was admission of the fact that the document was the original of what it purported to be. At the conclusion of the evidence defendant's counsel stipulated that a photostatic copy might be *substituted for the original.*

5. While defendant's counsel had the handwriting expert on cross examination and after she had given it as her opinion that the signature on the suspected forged check was written by the defendant, she was asked: "Then you are not swearing that he copied the entire signature of George C. Blount on the questioned document?" to which she replied: "I am just saying that in my opinion he very likely did. That is as close as anybody can come in a copied job like this. It is not the free writing of any man; it is a copied job. He is going to revert back to his own form occasionally, the rest of the time he attempts to copy somebody else. And that is as

close as you can get. If you are going to exonerate people . . ." At this point counsel moved for a mistrial because of her statement "If you are going to exonerate people . . ." as being an implication of guilt against the defendant.

The court thereupon admonished the witness to refrain from going beyond testifying as to the facts and as to her opinion based thereon, and instructed the jury that the responsibility of determining guilt or innocence of the defendant was theirs and theirs alone; that while a witness could aid them by the expression of an opinion on matters requiring special skill and knowledge to understand and interpret, she could not perform the function of a juror under the guise of stating an opinion on the ultimate issue which must be determined by the jury and of which they were the sole judges.

We find no error in the overruling of the motion. "In the refusal to declare a mistrial, the discretion of the trial court will not be disturbed, unless it is made to appear that a mistrial was necessary to preserve the right of a fair trial." *Worthy v. State,* 184 Ga. 402 (1) (191 SE 457). And see *Scott v. State,* 214 Ga. 154 (2) (103 SE2d 545).

6. In cross examining the handwriting expert defendant's counsel asked whether she had used standards or exemplars other than those already testified about in making comparisons of the defendant's handwriting and in arriving at an opinion concerning it. She answered that she had, and counsel then inquired as to what they had been. The witness answered that there had been several, and asked counsel whether he wished her to read a list of them, and he answered, "Yes, ma'am." Thereupon she stated that she had examined various writings from Southern Equipment Company carrying his signatures and his signature on a plea dated October 17, 1967, whereupon counsel moved for a mistrial, which the court denied.

We agree with the court's observation in denying the motion that the answer had been responsive to the question of defendant's counsel and to the line of questioning that had preceded it and the motion for mistrial was properly denied. *Anderson v. Brown,* 72 Ga. 713 (8). The inference of the witness' testimony was not that he had signed a plea of guilty to some criminal offense, as is urged since there were "various writings from Southern Equipment Company, which included

some signatures," as well as the "plea" which she explained "was in regard to some other legal transaction that he had of some kind. That is the reason we didn't want to bring in all these things, because they pertained to personal business." The "plea" may well have been, and indeed in the light of her explanation was, more likely a pleading in some civil action. It did not place defendant's character in issue. At any rate, it was counsel for the defense who asked the question that brought out the information in response thereto, and even if it could be said to have the effect of incidentally placing the defendant's character in issue, he is in no position to complain of it. *Tift v. Jones*, 77 Ga. 181 (3) (3 SE 399).

7. There is no merit in defendant's contention that his character was placed in issue when the manager of a contracting firm for which defendant had been doing work on a subcontract basis testified that his company had been furnishing defendant the money for his payrolls, for fuel and for repair parts and in response to a question as to why this had been done replied, "That was part of our agreement. He didn't have the necessary credit in Atlanta to get these services." Nor did the witness' testimony that no action had been taken against the defendant to collect the moneys which he owed to the company because "in our opinion the effort would not be worth the effort to try to collect, from our knowledge of the conditions," place defendant's character in issue.

If admission of this evidence were error, as contended, and if it had not been invoked by defendant's introduction of the subject, the error was rendered harmless when the defendant elected to place his character in issue. *Whippler v. State*, 218 Ga. 198, 203 (126 SE2d 744); *Smithey v. State*, 219 Ga. 247 (1) (132 SE2d 666); *Salisbury v. State*, 222 Ga. 549 (2) (150 SE2d 819); *Maddox v. State*, 118 Ga. App. 678 (2) (164 SE2d 861).

The motion for mistrial in respect of the testimony first above quoted was properly denied and objection to the further testimony that no action had been taken against defendant or his company to collect moneys was properly overruled.

8. For the same reason there is no merit in defendant's contention that his character was impugned by the testimony of another witness, formerly cashier of the Citizens & Southern Bank of Atlanta, on which the alleged forged check was

drawn, which testimony was offered and admitted in evidence over objection to show why no effort had been made by the bank to collect from the defendant. This evidence was that some equipment of defendant had been repossessed and sold at a sheriff's sale; that there were unsatisfied judgments of record against defendant amounting to a quarter of a million dollars, and that he had no assets that could be located. Defendant's counsel in prior cross examination of the witness had developed the fact that no civil action had been instituted by the bank to recover from the defendant, and it was, therefore, permissible to make the explanation. Denial of the motion for mistrial in respect of the testimony as to the sale of equipment at a sheriff's sale was proper, and objections to the testimony of the witness were properly overruled. Insofar as the testimony constituted hearsay generally speaking, it was admissible to explain conduct. *Code* § 38-302.

Furthermore, the objections to this evidence, that it was "irrelevant and immaterial to the issues before this jury," and "brings in things that are irrelevant and immaterial," and simply that "we object," were wholly insufficient to raise any question as to the propriety or admissibility of it. *Clarke v. State,* 41 Ga. App. 556 (4) (153 SE 616); *Crosby v. State,* 43 Ga. App. 220 (2) (158 SE 633); *Pylant v. State,* 191 Ga. 587 (13 SE2d 380).

9. Likewise for reasons stated in Divisions 7 and 8 of this opinion, when the defendant placed a character witness on the stand, testifying as to his good character, it was not error to permit the district attorney to cross examine him with reference to particular transactions, or statements of particular individuals, in testing his knowledge of the defendant's character. *May v. State,* 185 Ga. 335, 339 (195 SE 196); *Wilson v. State,* 190 Ga. 824, 829 (10 SE2d 861); *Giles v. State,* 71 Ga. App. 736 (32 SE2d 111).

10. Defendant's contention that the State failed to show knowledge on the part of the defendant that the check was forged and hence that the evidence as a whole is insufficient to support the verdict of guilty is without merit. There is ample evidence in the record which, if believed by the jury, authorizes a finding that the defendant himself forged the check in question, and thus, if he did so, he is charged with knowledge of what he did. Moreover, although the jury verdict

found defendant guilty on both Counts 1 and 2 (Count 1 for uttering and Count 2 for possessing); the sentence of the court was on Count 1 only, and knowledge of the forgery could only have had relation to Count 2. See *Mobley v. State,* 101 Ga. App. 317 (4) (113 SE2d 654).

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

ARGUED JULY 9, 1969—DECIDED DECEMBER 2, 1969— REHEARING DENIED DECEMBER 16, 1969—

Forgery. Clarke Superior Court. Before Judge Barrow.

*Guy B. Scott, Jr.,* for appellant.

*Thomas W. Ridgway, District Attorney, Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellee.