54088. JOHNSON v. THE STATE.
54089. WILLIAMS v. THE STATE.
54090. MITCHELL v. THE STATE.

SHULMAN, Judge.

Evelyn Johnson, Henrietta Williams and Faye Mitchell were each convicted of theft by taking. This appeal follows the denial of their respective motions for new trial.

The evidence shows that a garage attendant observed three women and a man get out from a late model blue Cadillac and act suspiciously. The three women had on long coats which appeared inappropriate for the weather. The driver of the car removed her coat and put on a flowing, loose fitting overblouse which was covered with pockets. The four proceeded toward the downtown shopping area. The attendant then telephoned the police to report what he believed to be possible shoplifters or pickpockets. While waiting for the police, the attendant observed two of the individuals return to the car. One removed something from under her long overcoat and placed it in the car's trunk. The car was then moved. From that point on, the police kept the car under surveillance. Williams and Johnson got in the car. Williams was observed removing from her blouse coat hangers with articles attached, and placing them under the front seat. Williams and Johnson left the car. Mitchell, Williams and Johnson were later arrested when they returned to the car. An inventory of the car's contents was taken

subsequent to the arrest. Coat hangers were found under the front seat. Two dresses identified as having been taken from Cullum's Department Store were found in the trunk. There was testimony that tags labeled "Cullum's" (Department Store) were found on the person of Evelyn Johnson and on the front seat of the car. The keys to the car and the trunk compartment were in the possession of Faye Mitchell.

1. Appellants contend that the judge erred in charging the jury on constructive possession. The court charged:

"A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who though not in actual possession knowingly has both the power and intention at a given time to exercise dominion or control of a thing is then in constructive possession of it.

"Possession may be sole or joint. If one person alone has actual or constructive possession of the thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. If a defendant had no knowledge of the item being in the automobile that defendant cannot be found guilty. This instruction shall be applied by you to each defendant in determining her guilt or innocence."

Appellants urge that the charge was not authorized because the mere presence of the accused at the scene of the crime will not support a finding of possession. *Williamson v. State,* 134 Ga. App. 329 (214 SE2d 415). This argument must fail. The evidence established more than "mere presence" and authorized the charge. There was no error here. *Lee v. State,* 126 Ga. App. 38 (189 SE2d 872); *Neal v. State,* 130 Ga. App. 708 (204 SE2d 451).

2. There being sufficient evidence to authorize a charge on constructive possession, the charge on the law of recent possession was not error. *Cheatham v. State,* 57 Ga. App. 858 (197 SE 70); *Cook v. State,* 40 Ga. App. 722 (151 SE 397).

3. Appellants assert that the denial of their respective motions for directed verdict of acquittal constituted error. While it is a well established rule that ". . . mere presence at the scene of the crime is insufficient to

constitute the commission of a crime" (*Greeson v. State,* 138 Ga. App. 572 (4) (226 SE2d 769)), this is not a case of "mere presence." The evidence was sufficient and there was no error in refusing to grant the motions for directed verdict of acquittal. Cf., *Johnson v. State,* 126 Ga. App. 93 (189 SE2d 900); *Williams v. State,* 239 Ga. 12.

4. Appellants maintain that the court erred in refusing to charge on the principle of "equal access." Appellants requested the judge to charge that ". . . it is well established that merely having been in the vicinity of contraband without more does not establish possession — merely finding contraband on the premises occupied by the defendant is insufficient to support a conviction where it appears from the evidence that a person other than the defendant had equal opportunity to commit the crime."

The judge instructed the jury that ". . . mere presence of a person at the scene of the commission of a crime at the time of its perpetration will not of itself authorize a jury to find such a person guilty in the commission of the crime, unless the evidence shows that such person aided and abetted the actual perpetrator of the crime in the commission of the act or that such person participated in the felonious design."

The charge as given fully and fairly stated the law applicable to the whole case. Although the charge requested contained a correct abstract principle of law, it was properly refused because it might have been misleading or confusing in its application to the facts of the particular case. *Hagood v. State,* 5 Ga. App. 80 (4) (62 SE 641).

5. Appellants submit that the failure to charge on misdemeanor theft by taking (Code Ann. § 26-1812) requires reversal. The value of the dresses allegedly taken was $157.50. A charge on misdemeanor theft by taking was not warranted by the evidence and was properly refused. *Dent v. State,* 136 Ga. App. 366 (1) (221 SE2d 228).

6. The judge charged the jury that: "The form of your verdict shall be: 'We the jury find the defendant or defendants (naming her or them) guilty' or, 'We the jury find the defendant or defendants (naming her or them) not guilty.' "

Appellants argue that this instruction was confusing

and prejudicial because it falsely implied that the jury was not authorized to render individual verdicts as to each defendant but that the jury was to acquit all or convict all as a group. No reasonable juror could be confused by this instruction. To return a verdict as to "her or them" could only mean that the jurors were to consider the guilt or innocence of each appellant individually.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED JUNE 9, 1977 — DECIDED JULY 7, 1977 — REHEARING DENIED JULY 29, 1977, IN CASE NOS. 54088 AND 54089 — 

*Galin & Friedman, Stanley H. Friedman,* for Johnson.

*Samuel F. Maguire, Stephen E. Shepard,* for Williams.

*Jerry M. Daniel,* for Mitchell.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.