### 9755.  WILLIAMS et al. v. ELLIS et al.

LUKE, J.  1. When the sheriff of a county is also, by the act creating a
city court for the county, sheriff of the city court, his acts are as sep-
arate when acting in the different capacities as if he were two persons.
Consequently, where the "deputy sheriff" levies a city court fi. fa., ad-
dressed "to all and singular the sheriffs of said State," upon real estate,
and turns the fi. fa. over to the "sheriff of the county," and advertise-
ment and sale of the property and deed to the purchaser are made by
the sheriff of the county, and not as "sheriff of the city court," suit
will not lie against the sureties upon the bond of the "sheriff of the
city court," when it is made to appear that the sheriff illegally con-
verted to his own use the money realized from the sale of the property;
but the sureties on the bond of the "sheriff of the county" would be
liable.

2. The evidence authorized the verdict, which has the approval of the trial
judge.  It was not error to overrule the motion for a new trial.

Judgment affirmed. Wade, C. J., and Jenkins, J., concur.

DECIDED OCTOBER 15, 1918.

Action on bond; from Jeff Davis superior court—Judge High-
smith.  April 11, 1918.

Gordon Knox, for plaintiffs.  S. D. Dell, for defendants.

---

### 9756.  SOUTHERN RAILWAY COMPANY v. SIMS

WADE, C. J.  1. The only special ground of the motion for a new trial
not being referred to in the briefs of counsel for the plaintiff in error,
it will be treated as abandoned.

2. There was some evidence from which the jury might have inferred that
the presence of the cow in close proximity to the track of the defendant
and its evident intention and effort to cross the same must have been
discovered by the employees in charge of the locomotive in ample time
to have checked or entirely stopped the movement of the train before
coming into collision with the animal, if the engineer and fireman had
been free from negligence (as they testified), in maintaining a careful
lookout, and therefore we cannot say that the finding to the effect
that the presumption of negligence had not been entirely rebutted was
wholly unauthorized.

Judgment affirmed. Jenkins and Luke, JJ., concur.

DECIDED OCTOBER 15, 1918.

Appeal; from Floyd superior court—Judge Wright.  April 27,
1918.

C. I. Carey, Maddox, McCamy & Shumate, for plaintiff in error.
Denny & Wright, contra.