## LANGSTON *v.* THE STATE.   ·

1. There was testimony of a witness to the effect that the accused made a confession of the crime with which he was charged. One ground of the motion for new trial excepts to the admission of this testimony, and states the grounds upon which the evidence was objectionable; but it does not appear that these objections were raised when the evidence was offered, nor that there was any motion to rule it out. Therefore this ground of the motion must be overruled, under the application of the rule that has been frequently stated, that grounds of a motion for new trial based upon the admission of evidence will not be considered by this court unless the grounds show what are the objections to the evidence and that these objections were made when the evidence was offered. Nor will the reason or reasons why certain evidence should not have been admitted be considered here, unless such reasons appear to have been urged before the trial judge and at the proper time. *Lamkin* v. *Clary,* 103 *Ga.* 631 (30 S. E. 596); *Grace* v. *McKinney,* 112 *Ga.* 425 (37 S. E. 737).        .           .

2. It does not appear that there was such an abuse of discretion on the part of the trial judge in admitting the testimony of a witness whose testimony was objected to by the defense on the ground that the witness was an idiot, as would authorize this court to reverse the judgment of the court denying a new trial on this ground. The rules governing courts in the admission of evidence of an idiot, or one alleged to be a lunatic, or one of insufficient mental capacity to understand the nature of an oath and appreciate its sanctity, are analogous to those applicable to a case where testimony of a child is offered and objected to on the ground that· the child, because of its tender years and the mental incapacity resulting therefrom, is incapable of understanding the nature of an oath. Penal Code (1910), § 1038. See also *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99); *Minton* v. *State,* 99 *Ga.* 254 (25 S. E. 626).

3. The court did not err in instructing the jury that while they would not be authorized to convict on the testimony of an accomplice alone, they

would be authorized to convict on such testimony if it is " corroborated by some fact or circumstance [which], independently of the testimony of the accomplice, tends to connect the defendant with the perpetration of the crime." *Callaway* v. *State*, 151 *Ga.* 342 (106 S. E. 577); *Hargrove* v. *State*, 125 *Ga.* 270 (54 S. E. 164); *McCrory* v. *State*, 101 *Ga.* 779 (28 S. E. 921); *Parham* v. *State*, 3 *Ga. App.* 468 (60 S. E. 123).

4. The evidence authorized the verdict of guilty. " Clear and undoubted evidence of the corpus delicti will serve to corroborate a confession made by the accused, and his confession thus supported will serve as sufficient corroboration of the evidence of an accomplice." *Schaefer* v. *State*, 93 *Ga.* 177 (18 S. E. 552); *Partee* v. *State*, 67 *Ga.* 570.

No. 2920. MARCH 18, 1922.

Indictment for murder. Before Judge Park. Morgan superior court. November 5, 1921. See 151 *Ga.* 388 (106 S. E. 903).

*E. R. Lambert*, for plaintiff in error.

*George M. Napier, attorney-general, Doyle Campbell, solicitor-general, Seward M. Smith, asst. atty.-gen.*, and *A. Y. Clement*, contra.

BECK, P. J. The plaintiff in error, Henry Langston Jr., and one John Henry Brady were jointly indicted for the murder of one Henry Moody. The plaintiff in error was put on trial, and the jury returned a verdict of guilty. A motion for new trial was overruled, and the accused excepted.

The rulings made in the headnotes require no elaboration. They involve no new proposition of law; on the contrary, the principles there laid down have been frequently stated and discussed in decisions made by this court, and they are controlling upon the questions raised by the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*