## HARRIS *v.* THE STATE.

GILBERT, J. 1. One ground of the motion for a new trial assigns error on the ruling of the court admitting "in evidence for the State a coat purporting to be the coat of the deceased and taken off his body after he was killed, with certain alleged bullet-holes in it." The only objection made at the time, as stated in the motion, was "that the identification was not sufficient." It is stated in this ground of the motion: "Movant shows that the father of the deceased testified that he knew the coat, that it was Tolly's [the deceased], and was the coat he had on when killed, and was taken off the dead body of the deceased." This is sufficient identification. Moreover, in the motion it is argued that the State "did not show that the coat was in the same condition when offered and admitted in evidence that it was when taken off the body of the deceased and when it came into the possession of the witness." It is well settled that this court can only consider objections made to the evidence at the time the ruling was made. *Langston* v. *State,* 153 *Ga.* 127 (111 S. E. 561).

2. Movant complains in another ground that the court erred in charging the jury as follows: "I will not state the facts as set out and alleged in the indictment. This indictment you will take to the jury-room with you. You may read it. It is your privilege to do so, and your duty to do so, in order that you may arrive at the exact nature of the charge which the State of Georgia makes against the defendant R. R. Harris." The criticism is that this amounted to an expression of opinion on the part of the court that the facts in the case were contained in the indictment, and that the reference of the court to the contentions of the State was calculated to impress the jury with the idea that the allegations in the indictment charging murder were true, and that the true facts of the case were contained in the indictment. The charge here complained of is not subject to the criticism made, especially when considered in connection with what preceded and followed. Immediately preceding the

excerpt quoted the court said: "This indictment represents the formal charge against the defendant. It sets forth with the degree of particularity required by law the exact nature of the accusation which the State makes against the defendant in this case." And immediately following the excerpt the court instructed the jury as follows: "This indictment is not evidence in the case, and shall not be so considered by the jury."

3. Movant assigns error on the following excerpt from the charge of the court: "In all criminal cases the jury are the judges of the law and the facts. They take the law as it is given them by the court, the facts from the sworn testimony and the defendant's statement, and, applying the law so given to the facts under the evidence, make up their verdict." The criticism is that the charge restricted the jury to the finding of the facts from the sworn testimony on the stand, with the defendant's statement, and ignored other evidence in the case; that it excluded from the consideration of the jury the physical evidence, namely the coat with alleged bullet-holes in it, showing the location and range of the bullet that killed the deceased, introduced in evidence by the State, and the pistol introduced by the defendant; and that the physical evidence introduced by the State and the defendant was very material to the defendant's contentions, and was not considered by the jury under the charge of which complaint is made. It is further insisted that the court did not at any time or place in his charge refer to the physical evidence introduced in the case. This excerpt from the charge is not subject to the criticisms. The jury necessarily understood that the sworn evidence included physical evidence as well as the oral evidence of witnesses. The jury are sworn "a true verdict give according to evidence." Penal Code (1910), § 1005. Moreover the trial judge instructed the jury as follows: "You look to all the facts and circumstances under the law that I have given you in charge, and determine what the truth is."

4. Error is assigned on the following charge: "Now, gentlemen, you look to the testimony and all the facts and circumstances of the case, applied to the law as I have given you in charge, and determine whether the defendant upon trial is guilty of the offense of murder, as charged in this indictment. If after a careful consideration of all the facts and circumstances, together with the defendant's statement, you should find that he is not guilty of murder, or if you have a reasonable doubt as to whether or not he is guilty of the offense of murder, then it would be your duty to give him the benefit of that doubt and look to the testimony and determine whether or not he is guilty of a lesser offense, or lesser grade of homicide, to wit, that of manslaughter." The criticism is that this excerpt does not state "a correct instruction on the law of the case and a correct charge on the law of reasonable doubt," because said charge took from the defendant the benefit of any reasonable doubt the jury might have had as to his guilt of the offense of murder and limited the doctrine of reasonable doubt so that it would appy solely for the purpose of reducing the alleged crime from murder to manslughter; and that the charge was confusing on the question of reasonable doubt, and calcu-

lated to mislead the jury." This excerpt from the charge was given in immediate connection with instructions as to the law of voluntary manslaughter, and thus considered, it was not error. In another portion of the charge the court fully and fairly instructed the jury on the law of reasonable doubt, as follows: "The defendant in this case, as in all criminal cases, enters upon his trial with the presumption of innocence in his favor, and that presumption remains with him until the State introduces evidence that overcomes that presumption and establishes the guilt of the defendant to your satisfaction to a moral and reasonable certainty and beyond a reasonable doubt." And after defining the phrase "reasonable doubt," the court further instructed the jury as follows: "If there is such a doubt as that resting on your minds as to this defendant's guilt, you should give him the benefit of that doubt and acquit him."

5. Error is assigned on the following excerpt from the charge of the court: "I charge you, gentlemen of the jury, that if you find the contentions of the State to be true, then you should convict the defendant." The criticism is that this charge amounted to an expression of opinion on the facts by the court, and is prohibited in express language by the statute; that the charge amounted to an expression of opinion by the court that the defendant was guilty of murder, because this part of the charge immediately followed the statement by the court of the contentions of the State, where the court "used almost the identical words of the indictment charging murder;" and that the charge was confusing and misleading to the jury, in that it did not point out what "contentions" of the State the court had in mind or referred to in said charge, and in that it did not state for what offense defendant should be convicted if such contentions were found to be true." The criticisms of this excerpt are not justified. As stated by movant in this ground of the motion, the excerpt of which complaint is made followed immediately after a statement by the court of the contentions of the State, substantially in the language of the indictment. That being true, it follows that the court did state the contentions of the State, and the offense charged. Considered in connection with the context, the charge did not amount to an expression of opinion. Immediately following the excerpt quoted the court instructed the jury as follows: "The court does not, and would not under any circumstances, intimate to you what has or has not been proved in this case. You are the sole judges of the facts and the credibility of the witnesses."

6. One ground of the motion for a new trial is based upon the complaint that "the court failed to give in charge to the jury the law of voluntary manslaughter as related to the doctrine of mutual combat; and because the court, with or without request, in connection with the charge on voluntary manslaughter, or elsewhere in the charge, should have instructed the jury to the effect that if the defendant and the deceased, upon a sudden quarrel, in hot blood, engaged in a mutual combat during which the defendant killed the deceased, and if the danger was not so urgent at the time of the homicide that, in order to save his own life, it was absolutely necessary for the defendant to

take the life of the deceased, then the defendant would be guilty of voluntary manslaughter." Movant insists that under the evidence a mutual intention to fight was shown; that mutual blows are not always necessary to make mutual combat, but the same may be inferred from the conduct of the parties; that mutual combat showing heat of blood and considerable provocation is sufficient to reduce the crime from murder to manslaughter; that the evidence showed mutual intention to fight; and that it was the duty of the court to charge the law of voluntary manslaughter as related to mutual combat. The court fully charged the jury on the law of voluntary manslaughter as contained in the Penal Code, §§ 64, 65, 66, but did not charge voluntary manslaughter as related to mutual combat. The defendant, in his statement, denied the shooting and the killing of the deceased, and insisted that the deceased was killed by his own pistol during a "tussle," saying: "We tussled over this gun and tussled all around there. I never did get hold of the gun — never did take it in my hand, but we were tussling, and we were all out there, and during the tussle Wilson grabbed hold of me and about the time the gun fired off; and I wasn't mad with him. It wasn't my intention to hurt him no way in the world, and thought a lot of him and good friends to him; but during the tussle he got shot. I hate it and I am sorry for it." This is a denial of mutual combat and of any intention of fight on the part of the defendant. The court charged fully on this contention as follows: "He [the defendant] contends that the deceased came out of the car in question with a gun in his hand, cursing, and that he and the deceased tussled over the gun, and while they were tussling over the gun it fired off, and that he never got hold of the gun, and that he had no intention of hurting the deceased. If you find the contentions of the defendant to be true, you should acquit the defendant. A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence. A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears that there was no evil design or intention, or culpable neglect." After a careful examination we do not think the evidence shows mutual combat or a mutual intention to fight; and therefore the court did not err in failing to give in charge to the jury the law of mutual combat in connection with the offense of voluntary manslaughter.

7. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J. (dissenting from the rulings stated in the fifth and sixth headnotes). The last headnote does not state all the evidence that tended to show mutual combat. When all the evidence on that subject is considered, it would be sufficient to support a verdict finding that there was mutual combat between the defendant and the deceased at the time of the homicide. *Butt* v. *State*, 150 *Ga.* 302 (103 S. E. 466); *Ison* v. *State*, 154 *Ga.* 408 (114 S. E. 351).

No. 3726. OCTOBER 9, 1923.

Indictment for murder. Before Judge Summerall. Brantley superior court. April 7, 1923.

*Walter Thomas, Henry M. Wilson, Wilson & Bennett,* and *Parker & Parker,* for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.