15209.   LOUISVILLE & NASHVILLE RAILROAD CO. *v.* ERNEST.

BELL, J.   1.   Ordinarily the presumption of negligence which arises against a railroad company on proof of injury to personal property by the running of its train is a presumption only of the negligence alleged in the plaintiff's petition, but where the suit was instituted in a justice's court, and was based upon a summons, according to the practice in such courts, and there was no petition alleging any specific acts of negligence, the presumption will apply to, and therefore authorize a finding upon, any theory of negligence deducible from the facts appearing from the evidence upon the trial (even upon appeal to the superior court, the case being tried therein upon the original summons), and the plaintiff will be entitled to all legitimate inferences consistent with the facts that will authorize a finding that the defendant was negligent. Such inferences in behalf of the plaintiff, when taken in connection with the rebuttal testimony of the defendant, may or may not constitute an issue of fact as to negligence, according to the character and sufficiency of the rebuttal testimony. *Ga. So. & Fla. Ry. Co.* v. *Converse,* 29 *Ga. App.* 411 (1) (116 S. E. 20).

2. Even assuming that the testimony of the engineer and the fireman demanded a finding that they exercised all necessary diligence in keeping a lookout, and that in the exercise of ordinary care they could not have discovered the plaintiff's dog any earlier than they did,—when the train was within 200 feet of it,—and that the dog's presence was discovered too late to bring the train, which was running at 20 or 25 miles per hour, to a stop before reaching the point upon the track where the dog was about to cross it, the jury were authorized to find from the evidence, aided by the presumption, that the engineer was negligent both in failing to check the speed of the train and in failing to sound an alarm after the dog was discovered approaching the track, and that such negligence was the cause of the dog's death. The evidence did not demand the conclusion that the presumption of negligence was rebutted. *Seaboard Air-Line Ry.* v. *McDonald,* 19 *Ga. App.* 627 (2) (91 S. E. 1053); *Seaboard Air-Line Ry.* v. *Moore,* 20 *Ga. App.* 33 (92

. S. E. 388) ; *Southern Ry. Co.* v. *Sims,* 22 *Ga. App.* 673 (2) (97 S. E. 108) ; *Georgia Northern Ry. Co.* v. *Battle,* 25 *Ga. App.* 308 (103 S. E. 714) ; *Davis* v. *Carter,* 27 *Ga. App.* 494· (108 S. E. 837) ; *Western & Atlantic R. Co.* v. *Jones,* 30 *Ga. App.* 488 (118 S. E. 500).

3. The court did not err in overruling the motion for a continuance on account of the absence of a witness, where, even if the motion was otherwise sufficient, it was not shown either that the motion was not made for the purpose of delay or that the movant expected to be able to procure the testimony of the witness at the next term of the court. Civil Code (1910), § 5715; *Simmons* v. *Mathis,* 17 *Ga. App.* 588 (1) (87 S. E. 845).

4. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 13, 1924.

Appeal; from Gordon superior court—Judge Tarver. November 3, 1923.

*Tye, Peeples & Tye, J. G. B. Erwin,* for plaintiff in error.
*J. H. Paschall,* contra.

---

APPLICATIONS TO THE SUPREME COURT OF GEORGIA FOR CERTIORARI IN CASES HEREINBEFORE REPORTED.

GRANTED.

American Railway Express Company *v.* Estroff, 577.
Atlas Assurance Company Limited *v.* Williams, 536.    Affirmed, 158 *Ga.*
Brown *v.* Atlanta Northern Railway Company, 429.
Clark *v.* Fire Association of Philadelphia, 3.
Jones *v.* Pacific Fire Insurance Company, 128.
Kenney *v.* Higgins, 514.
Lewis *v.* Citizens & Southern Bank, 597.
Mitchell *v.* Owen, 649.
White & Hamilton Lumber Company *v.* Lynch, 697.
Williams *v.* State, 293.

DENIED.

Allen *v.* Sams, 405.
Ashcraft-Wilkinson Company *v.* First National Bank of Madison, 705.
Avary *v.* Anderson, 402.
Barron Brothers *v.* New York, New Haven & Hartford Railroad Co., 757.
Bateman & Brothers *v.* Gunn, 485.
Berrien *v.* State, 123.
Bodenheimer Molasses Company *v.* Edenfield, 640.
Carson *v.* Blair, 60.
City of Atlanta *v.* Hatcher, 633.
Commercial Credit Company *v.* Fry, 488.
Darley *v.* Ehrlich & Company, 795.
Davis *v.* Olliff, 4.
Dixon *v.* Sol Loeb Company, 165.
Dunlap-Huckabee Auto Co. *v.* Central Georgia Automotive Co., 617.