16583.   MARTIN *v.* DECATUR COUNTY *et al.*

An execution could not be legally issued under section 523 of the Civil
    Code (1910) against the sheriff of Decatur county on the bond given
    by the sheriff of the city court of Bainbridge, although both offices
    may have been filled by the same individual.

DECIDED JANUARY 16, 1926.

Affidavit of illegality; from Decatur superior court—Judge Cus-
ter.   May 20, 1925.

*G. G. Bower, R. G. Hartsfield, P. D. Rich, A. G. Powell, M. E.
O'Neal,* for plaintiff in error.

*Pottle & Hofmayer, H. G. Bell,* contra.

JENKINS, P. J.   1.   The record in this case is not altogether
clear, although it indicates that the execution authorized to be
issued and issued under resolution of the commissioners was against
S. W. Martin *as sheriff of Decatur county,* and against the sureties
on this person's bond, given, not as the sheriff of that county, but
*as sheriff of the city court of Bainbridge,* in that county.   Coun-
sel for the county, in their brief, made this statement: "The board
of commissioners of roads and revenues of Decatur county, in reg-
ular meeting, passed a resolution adjudging that S. W. Martin,
as sheriff of said county, and J. W. Callahan and H. L. Gans as
surety on his bond, were indebted to the County of Decatur in a
sum of money, together with interest, attorney's fees, and cost,
and directing that execution issue against the sheriff and the sure-
ties on his bond for said sum."   It is not altogether clear from the
record whether Callahan and Gans were sureties on the bond
which Mann had given as sheriff of Decatur county, or on the bond
required by law to be given as sheriff of the city court of Bain-
bridge; but from other portions of the brief of counsel for the
county it is made clear that the bond upon which the county was
thus proceeding was the bond which Martin had given as sheriff
of the city court.   Consequently we shall deal with the case as
being against Martin *as sheriff of the county,* as the record shows,
and upon his bond given as sheriff of the city court of Bainbridge,
as the record, though ambiguous, indicates and as counsel for the
county concede.   Under this view of the facts in the case we are
of the opinion that the execution can not be maintained as issued.

It clearly appears from the resolution of the county commis-
sioners that the indebtedness claimed arose out of the acts and

doings of Martin as sheriff of the city court of Bainbridge in receiving illegal cost in the conduct of his duties as sheriff of that court, but the resolution states that such alleged cost was paid not to the sheriff of that court, but to the sheriff of Decatur county. It was held in *Williams* v. *Ellis,* 22 *Ga. App.* 673 (97 S. E. 100), that where the office of sheriff of a county and the office of sheriff of a city court in that county were occupied and held by the same person, the two officers were just as distinct and separate as if they were in fact two separate and distinct persons. The court said: "When the sheriff of a county is also, by the act creating a city court for the county, sheriff of the city court, his acts are as separate when acting in the different capacities as if he were two persons. Consequently, where the 'deputy sheriff' levies a city court fi. fa., addressed 'to all and singular the sheriffs of said State,' upon real estate, and turns the fi. fa. over to the 'sheriff of the county,' and advertisement and sale of the property and deed to the purchaser are made by the sheriff of the county, and not as 'sheriff of the city court,' suit will not lie against the sureties upon the bond of the 'sheriff of the city court,' when it is made to appear that the sheriff illegally converted to his own use the money realized from the sale of the property; but the sureties on the bond of the 'sheriff of the county' would be liable." That case is authority for the proposition that where two such separate and distinct bonds were given, the sureties of one such officer could not be held liable on the bond given by the other officer. See also, in this connection, *Wallace* v. *State,* 160 *Ga.* 570 (128 S. E. 759).

In the instant case it follows that the bond given by the sheriff of the city of Bainbridge was not intended as a protection against the acts and doings of the sheriff of Decatur county, or vice versa. Without reference to the rights and remedies of the sureties, if the county undertakes to enforce the contractual liability of a certain officer, it must proceed against the officer who, as such, obligated himself; and this is true even though both offices happen to be filled by the same person. The county proceeds by virtue of section 523 of the Civil Code (1910), on the contractual obligation of the bond given by the sheriff of the city court of Bainbridge; and in doing so, it necessarily has to proceed against the official who thus rendered himself liable. It is urged that since the sureties on this bond are not appearing to make any such resistance, the

sheriff of the said county can not make the same for himself or for his sureties. First of all, it appears from the record that such sureties could not legally have filed and maintained an affidavit of illegality, for the reason that the execution had not in fact been levied upon any of their property. But while it thus happens that the sureties can not for themselves file an affidavit of illegality in their own names, it is nevertheless true that, being parties to the ex parte execution, they are not spared the direful consequences of having their property incumbered with the illegal lien of this execution. There is a very strong intimation in the reported case of a similar proceeding, set forth in *Lewis* v. *Board of Comm'rs, 70 Ga.* 486, that the officer may defend the proceeding for his sureties. The court said: "The sureties were parties to these two fi. fas., and the fi. fas. were the foundations of the suits returned to the court. That a suit admits of various defenses, joint and several, by all or each of the defendants, will not be questioned, but we have yet to learn that each separate defense makes a new and distinct suit." As to the sureties the court said: "They chose to rely upon their principal to make defense for them." We think, however, as has already been stated, that irrespective of whether the sureties may or may not be formally bound by the judgment, not having filed illegality, that the sheriff of the county may himself assail the execution and levy had thereunder just as fully and effectually as might his sureties on the bond proceeded under. We are directed by counsel for defendant in error to the case of *Price* v. *Douglas County, 77 Ga.* 163 (4), as indicating a rule to the contrary; but it will be observed that there are many distinctions between that case and this. There the proceeding was against a defaulting county treasurer, under an entirely different and special statute, Civil Code (1910), § 585. There was but one officer in that case; there was but one bond; and the facts of that case did not show a proceeding against one officer on a bond given by another. Since, as we believe, the execution was illegally issued and is illegally proceeding against the sheriff of Decatur county on the bond given by the sheriff of the city court of Bainbridge, the affidavit of illegality attacking the validity of the execution should have been sustained and the execution quashed and the levy dismissed.

. *:Judgment reversed. Stephens, J., concur. Bell, J., disqualified.*