## 20518. CLARKE v. THE STATE.

DECIDED JUNE 10, 1930.

*Whitaker & Whitaker,* for plaintiff in error.
*John C. Mitchell, solicilor-general,* contra.

BLOODWORTH, J. ■ A motion to continue the case was made on the ground of the absence of two witnesses. When counsel were asked if they had any other witnesses who would swear the same as the absent witnesses, they replied: "We have other witnesses by whom we can prove the same thing, but they live in other directions from the girl's home." In addition, the motion to continue does not show that the movant expected to have the absent witnesses present at the next term of court, or that the motion was not made for the purpose of delay only. Civil Code (1910), § 5715; *Simons* v. *Mathis,* 17 *Ga. App.* 588 (87 S. E. 845); *L. & N. Railroad Co.* v. *Earnest,* 31 *Ga. App.* 810 (3) (122 S. E. 260). The continuance was properly refused.

■ The motion for a new trial complains that the court erred in excluding the evidence of several witnesses offered by the defendant to show specific acts of lewdness on the part of Miss Frances Jenkins, the woman alleged to have been assaulted. A portion of this evidence tended only circumstantially to show her lewd conduct; but in this ground it is alleged that two other witnesses, East and Croy, would have sworn that "some time last summer" [the crime was alleged to have been committed on the 15th day of August] they saw Miss Jenkins and a young man "in the act of sexual intercourse." The court excluded this evidence. In *Black* v. *State,* 119 *Ga.* 746 (47 S. E. 370), Mr. Justice Turner said: "On the trial the defendant offered J. T. Amerson as a witness to

prove that he had connection with this young woman on a certain occasion. The court excluded this evidence, holding that the lewd-ness could be shown only by proof of general bad character, and not by specific acts. The court did not err in this ruling. In the case of *Camp* v. *State*, 3 *Ga.* 417, which was a case of assault with intent to rape, this court held that 'evidence that the person charged to have been injured is in fact a common prostitute, or evidence of reputation that she is a woman of ill fame, may be submitted to the jury, to impeach her credibility and disprove her statement that the attempt was forcible and against her consent.' But the court added (page 422): 'It seems that testimony of specific acts of lewdness is not admissible,' citing Rex *v.* Clarke, 2 Stark. N. P. 334; Rex *v.* Barker, 3 Car. & P. 467; Rex *v.* Hodgson, Russ & R. C. C. 211; People *v.* Abbott, 19 Wend. 192; 6 Car. & P. 562; 14 Mass. 387; contra, 3 Pick. 194. There are many other American and English cases which seem to hold the same view, though there are some very respectable courts which have held the other way. See 23 Am. & Eng. Enc. L. (2d. ed.) 871, and authorities cited in notes 3 and 4; also Hughes Cr. L. & Proc. § 337, and cases cited. We adopt the view indicated in the Georgia case above referred to, because it seems to be supported by the great weight of authority, and appears to be founded on good reason." And in the same decision it was said: "When in the present case the woman alleged to have been wronged was on the stand, she was interrogated as to specific acts of lewdness committed with Amerson and other men, but denied that she had ever had criminal intercourse with any of them. Counsel for the defendant insisted that the proffered testimony of Amerson was admissible for the purpose of discrediting or impeaching her as a witness, if not admissible for any other purpose. Thereupon the court withdrew from the jury her testimony as to this matter, stating that he would exclude from the consideration of the jury all testimony relative to specific acts of lewdness. This action on the part of the court is assigned as error in one of the grounds of the motion for a new trial. We do not think a witness can be impeached by proof of inadmissible matters, merely because the witness has denied these matters; and we accordingly hold that the withdrawal of the testimony of Lucy Wood, in which she denied having had improper relations with other men than the prisoner, was not error as to the

prisoner, and that the trial judge rightly excluded the testimony offered of specific acts of lewdness."

In the case under consideration, when Miss Jenkins was on the stand, she was interrogated as to specific acts of lewdness as testified to by East and Croy, but denied that she had ever had intercourse with any one. Counsel for the defendant insisted that the proffered testimony of East and Croy was admissible for the purpose of discrediting and impeaching her as a witness. In the opinion from which we have just quoted we find the following: "We do not think a witness can be impeached by proof of inadmissible matters merely because the witness has denied these matters." Applying the principle just announced the judge rightly excluded the testimony of East and Croy that they actually saw Miss Jenkins engaged in the act of sexual intercourse with a person other than the accused. A fortiori the evidence as to the other witnesses as to her conduct, which tended only circumstantially to show that she was guilty of lewdness, was properly ruled out. In *Gossett* v. *State*, 123 *Ga.* 431, 441 (51 S. E. 394), Justice Lumpkin said: "On the trial of an indictment for rape, or assault with intent to rape, general character, but not particular acts to show want of chastity in the female alleged to have been raped, has been held admissible." Moreover, the only effect of the excluded testimony, as complained of in this ground of the motion, would be to discredit the evidence of the chief witness for the State on the question of consent. In cases where it is proper to allow evidence of previous unchaste character of the woman alleged to have been assaulted, one of the purposes is to discredit her testimony that the intercourse was forcible and against her will. Under the evidence in this case this question is not left in doubt. The crime was sufficiently shown to have been committed by force.

■ In the motion for a new trial complaint is made that the court erred in failing to·charge on the law of impeachment of witnesses and upon the burden of proof. The court charged the jury that the burden of proof was upon the State to satisfy the jury's mind beyond a reasonable doubt of the guilt of the accused. This sufficiently informed the jury that the burden of proof was upon the State; and was sufficient in the absence of a written request for fuller instructions upon this subject. No request was made to charge with reference to impeachment of witnesses. In the absence

of such a request, the failure so to charge is not ground for a new trial. *Hunter* v. *State,* 136 *Ga.* 103 (4) (70 S. E. 643); *Goodwyne* v. *State,* 38 *Ga. App.* 183 (4) (143 S. E. 443).

Citing a number of cases to support the proposition, this court, in *Hayes* v. *State,* 36 *Ga. App.* 668 (1 *e*) (137 S. E. 860), held: "An objection to evidence that is 'immaterial, inadmissible, and prejudicial' is too general to present anything for consideration by this court." See *Whitman* v. *State,* 39 *Ga. App.* 547 (2) (147 S. E. 807). Under the foregoing ruling there is no merit in special ground 4 of the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*