## 42809. BROWN v. THE STATE.

PANNELL, Judge. Mrs. Mamie C. Brown was tried on an accusation that contained two counts charging her with the illegal sale of whiskey. She was convicted on Count 1 and acquitted on Count 2, and we are not here concerned with the latter count.

1. The evidence under the first count was that the state revenue officer purchased from the defendant a pint bottle which contained one-half pint of whiskey. The officer testified that the bottle shown him was the one he bought from the defendant, that his initials which appeared on the top of the bottle were placed there by him and that it was whiskey. He also identified it by revenue stamps attached to the bottle. *Held:*

(a) This was positive identification, and the court did not err in admitting it in evidence over the objection of the defendant's attorney as follows: "I object to the admission of both State's Exhibit No. 1 and State's Exhibit No. 2, on the grounds that they have not properly been identified. The proper foundation has not been laid for their introduction into evidence, and we object to it." (Exhibit No. 2 has no bearing on Count 1.)

(b) This was the only objection made to the introduction of the evidence at the time it was offered and admitted. If there were other objections they should have been made and urged at that time. It is well settled that this court can only consider objections made to evidence at the time the ruling was made. *Harris v. State,* 156 Ga. 582 (1) (119 SE 519); *Langston v. State,* 153 Ga. 127 (1) (111 SE 561).

2. Error is assigned on the overruling of a motion "to exclude the entire testimony [of a named witness] on the ground that he has violated the rules of evidence, that he used notes that he made this morning, according to his own testimony, some seven and one-half months after the transaction, from somebody else's notes."

The evidence of this witness is rather lengthy, he testified that

he had refreshed his memory as to parts of his testimony from the notes of his fellow officer, and as to some of his testimony, he did not refresh his memory by such notes.

Assuming but not deciding that a portion of the witness's testimony was inadmissible, a great portion of it was admissible— and it was not error for the court to overrule the motion. It is well settled that, when a large portion of a witness's testimony is objected to, an order overruling the objection will not be reversed if any part of the evidence is not subject to the objection made. See *Jackson v. State,* 213 Ga. 275 (2) (98 SE2d 571); *Gully v. State,* 116 Ga. 527 (2) (42 SE 790); *Barnard v. State,* 119 Ga. 436 (3) (46 SE 644).

> *Judgment affirmed. Bell, P. J., and Joslin, J., concur.*

SUBMITTED MAY 1, 1967—DECIDED JUNE 2, 1967.

*Vaughn E. Terrell, Harold N. Wollstein,* for appellant.
*Robert G. Walther, Solicitor,* for appellee.