## 44451. MOON v. THE STATE.

SUBMITTED MAY 6, 1969—DECIDED MAY 15, 1969—
REHEARING DENIED JULY 17, 1969—

*Guy R. Dunn,* for appellant.

*Thomas W. Ridgway, District Attorney, Jeannette S. Scott,* for appellee.

EBERHARDT, Judge. ■ Enumerations 1 and 2, directed to testimony of Sheriff Thornton concerning liquor found at defendant's home delivered out of the presence of the jury and never reintroduced before the jury, are without merit. Whether the evidence was admissible or not, the jury never had the evidence for consideration.

◼ Enumerations 3 and 4 deal with the allowing of prosecution witness Jewel Goodson to testify, refreshing her memory from notes which she had made or which had been prepared under her direction and supervision. These enumerations are without merit. *Code* § 38-1707; *Harris v. State,* 191 Ga. 243, 244 (12 SE2d 64).

◼ When counsel for the defendant had the State's witness on cross examination it appeared that she was using three or four separate memorandums for refreshing her memory in testifying. When the court's attention was directed to this with question as to whether the foundation had been properly laid for use of all of them (the witness then volunteering that all had been made under her direction) the court stated to the district attorney that he might go into the matter on re-direct examination. There was no further objection, and there is no merit in enumeration 5 that "the court erred by instructing the district attorney what testimony he should go into on re-direct examination."

◼ Enumeration 6 is upon the allowance of testimony as to what an undercover agent did in making purchases of illegal liquor from the defendant on the ground that it was an entrapment. A careful examination of the transcript reveals that the agent did no more than afford the defendant an opportunity to make sales. Nothing in the evidence indicates that the defendant was induced or persuaded to commit a crime which he did not stand ready to commit. The idea of engaging in the illegal sale of liquor or beer was not implanted in the defendant's mind by the agent. No entrapment appears. *Hill v. State,* 225 Ga. 117 (166 SE2d 338); *McKibben v. State,* 115 Ga. App. 598 (155 SE2d 449).

◼ Sheriff Thornton testified that when he and other officers went to the defendant's home to make a search under a search warrant defendant was not at home, but that his wife was, and that they waited some 30 minutes before the defendant came. He was then asked by the district attorney whether during that period he saw anything in the house. Objection to the question was sustained and there was no answer. He was then asked whether he told the defendant's wife the purpose of his visit.

The sheriff replied that he did, and that he told her that he had a warrant for her arrest and that she was under arrest.

Counsel for the defendant moved for a mistrial on the ground that the warrant for defendant's wife and her arrest thereunder were wholly separate matters from the charge against the defendant and that the evidence was calculated to prejudice the jury against him. The district attorney asserted that the answer of the sheriff in that respect had not been responsive and that he had sought only to show that she had consented to his entry into the house. The motion for mistrial was denied. This was a matter resting within the sound discretion of the court, and no abuse appears. *Manchester v. State,* 171 Ga. 121 (7) (155 SE 11); *Thompson v. State,* 58 Ga. App. 593 (1) (199 SE 568). Enumerations 7 and 8 are without merit.

■ Prosecution witness Hughley testified that the undercover agents were sent out to make purchases on different dates, and that on June 30 they went to the defendant's house in the morning and "I met them about 2:00 o'clock in the afternoon and received this pint of nontax-paid whiskey which was in a brown paper sack." The objection that this evidence was hearsay in that the witness was testifying as to "what somebody told him" was properly overruled. *Martin v. State,* 225 Ga. 234 (1) (167 SE2d 638). Even if he had testified in this connection that the agents reported that the whiskey had been purchased from the defendant (which he did not) it would not require reversal. *Maddox v. City of Dublin,* 18 Ga. App. 614 (3) (89 SE 1090). Enumeration 9 is without merit.

■ Error is enumerated (number 10) on the admission of testimony of witness Hughley that the agents were not just turned loose to go out and make purchases, but that "they are directed to specific known bootleggers, or known sellers of nontax-paid whiskey." The record discloses no objection having been made to this evidence, and its admission cannot be urged as error for the first time on appeal. *Abrams v. State,* 223 Ga. 216 (9) (154 SE2d 443); *Brown v. State,* 115 Ga. App. 813 (1b) (156 SE2d 180). Cf. *Haynes v. State,* 80 Ga. App. 99, 101 (55 SE2d 646).

■ While witness Hughley was testifying and identifying a

bottle of liquid as being corn whiskey, the court asked of him "Is that corn whiskey made out of wheat bran?" Error is now urged on the ground that this was an expression of opinion by the court. However, the record again discloses no objection to the question by the court or to the answer made, or any motion to exclude or strike the evidence, or any motion for mistrial. Error is not shown by enumeration 11.

■ Deputy Sheriff Sorrells testified that after defendant's wife had been placed under arrest on a warrant charging her with the illegal sale of liquor a search of the premises, inside and outside the house, was made and that they found a quart of nontax-paid whiskey in the kitchen cabinet.

Defendant moved to exclude the evidence on the ground that it was illegally obtained and on the further ground that there was no search warrant authorizing a search of the premises outside the house. The motion to exclude was overruled.

We find no error. A search warrant for the defendant's house is in evidence, and that is where the whiskey was found. Moreover, a search warrant for the home of a named individual at a particular location includes authority to search the curtilage. Walker v. U. S., 125 F2d 395; Walker v. U. S., 225 F2d 447; Hodges v. U. S., 243 F2d 281; *Daniels v. State,* 78 Ga. 98 (6 ASR 238); *Hutchins v. State,* 3 Ga. App. 300 (1) (59 SE 848). Cf. *Wright v. State,* 12 Ga. App. 514 (77 SE 657).

■ Deputy Sheriff Sorrells testified that the quart of moonshine whiskey found in the kitchen cabinet of defendant's home was carried to the jail, and that in the presence of himself and other officers it was poured down the drain the next day. State Revenue Agent Roberts testified that he poured it out. Error is enumerated on the admission of this testimony about the whiskey because the whiskey itself was not produced in court. The evidence was not objected to in the trial court. No error is shown.

■ There was no error in the admission of the search warrant over objection that it had been obtained on information from an informer whom the officer obtaining it would not identify by name. *Morgan v. State,* 211 Ga. 172 (3) (84 SE2d 365); McCoy v. Illinois, 386 U. S. 300 (87 SC 1056, 18 LE2d 62).

■ No error appears in the admission of testimony of Agent Roberts that during the course of the search of defendant's home a trap was found and that "Deputy Sorrells figured out how to open the trap and found 10 quarts of nontax-paid liquor," it appearing that this happened in the presence of the witness. He was testifying as to what he saw during the search. There was no objection on the ground that it was a conclusion but the statement that Deputy Sorrells "figured out" how to open the trap is supported by the facts. The objection "to what Deputy Sorrells finally did, he was up here to testify," was insufficient to invoke any ground for exclusion of the evidence.

■ There was no error in permitting the sheriff of the county to testify concerning the nature of the facility which his department used in the storing of evidence to be used in the trial of cases, the evidence being tendered for showing continuity of possession from the time of confiscation until time of the trial.

■ A part of the purchased evidence, three cans of beer and one pint of Heaven Hill liquor, was tendered in evidence after testimony of the undercover agents concerning their purchase of similar items from defendant. It was admitted, the court stating that "the jury should give it such weight as they think it entitled to." Defendant objected on the ground that it had not been properly identified, but the judge overruled the objection saying that he thought sufficient identification had been made to entitle it to go to the jury. No error appears. *Dill v. State,* 106 Ga. 683 (3) (32 SE 660); *Chattanooga, Rome &c. R. Co. v. Lyon,* 89 Ga. 16 (2) (15 SE 24, 15 LRA 857, 32 ASR 72); *Hotchkiss v. Newton,* 10 Ga. 560 (5); *Bell v. State,* 72 Ga. App. 848 (2) (35 SE2d 383). The judge properly performed his function. Enumerations 17 and 18 are without merit.

■ (a) Enumeration 19 urges error in the charge to the jury that one's residence is not excepted from the operation of the law relating to the carrying of concealed weapons and in effect "failing to charge the law on carrying a concealed weapon, but only charged a portion of the law." This enumeration raises no question for determination by this court. It does not meet

■

the requirement laid down in *Elam v. Atlantic C. L. R. Co.*, 115 Ga. App. 656 (7) (155 SE2d 644); *Carroll v. Morrison*, 116 Ga. App. 575 (4) (158 SE2d 480).

(b) Error is enumerated on failure of the court to "charge the law of a misdemeanor," and on "failure to charge the punishment for a misdemeanor." Neither of these enumerations is meritorious. *Kemp v. State,* 61 Ga. App. 337, 341 (6 SE2d 196); *Manders v. State,* 69 Ga. App. 875 (27 SE2d 105). There was no request for a definition of "misdemeanor," and it is not within the province of the jury to consider or to fix the punishment for a misdemeanor.

(c) Error is enumerated on a statement of the court to the jury that "in the opinion of this court . . . all testimony as to the result of any search that was submitted to the jury was, in the opinion of the court, established to be a legal search," on the ground that this was an improper expression of opinion by the court to the jury.

We do not so regard it. While it was given as the court's opinion, it was simply in explanation of its prior ruling in the admission of evidence, and was as to a legal question—not as to a fact. The judge is proscribed from expressing an opinion as to a matter of fact, or as to what has or has not been proven, but not as to a legal proposition. "A judge may not express his opinion to the jury; but if, in the decision of any legal question as it arises, he must pass upon the facts, the rule does not apply." *Howell v. State,* 162 Ga. 14 (5a) (134 SE 59). "[T]he court should not intimate or express an opinion to the jury *upon the facts* of the case" (emphasis supplied), but a statement of his reason for admitting or excluding evidence will not violate the rule. *Parker v. Wellons,* 43 Ga. App. 721 (3) (160 SE 109). Again, the judge simply performed the function required of him when he determined that a lawful search was shown to have been made, thus rendering evidence obtained in the search admissible. See Division 14 above. It was not error to refuse to declare a mistrial on the basis of this statement.

The evidence amply supports the verdict, and no error requiring a new trial appearing, the judgment is

*Affirmed. Bell, P. J., and Deen, J., concur.*