46189.   MINCEY v. THE STATE.

BELL, Chief Judge. The defendant appeals from his conviction of having under his control and selling a narcotic drug and from the overruling of his amended motion for new trial. *Held:*

1. (a) A State narcotic agent testified on direct examination without objection. At the conclusion of the testimony, counsel for defendant moved that this witness's testimony be stricken from the record in its entirety "as being prejudicial, inflammatory and totally unrelated to the trial of the case at bar." This is nothing more than a general objection. It has been held many times that a general objection is too vague and indefinite to present any question for decision either by the trial court or by the appellate court. *Clarke v. State,* 41 Ga. App. 556 (4) (153 SE 616); *Crosby v. State,* 43 Ga. App. 220 (2) (158 SE 633); *Slater v. Russell,* 100 Ga. App. 563 (112 SE2d 178). Further, the objection went to the testimony as a whole, most of which was relevant and admissible. It is true that a portion could have been excluded on proper objection. The general rule is that where a portion of evidence offered is admissible and a portion inadmissible an objection to the evidence as a whole which does not point out and limit itself to the objectionable part is not sufficient. *Potts v. State,* 86 Ga. App. 779 (1) (72 SE2d 553);

*Employers Liab. Assurance Corp. v. Sheftall,* 97 Ga. App. 398 (103 SE2d 143).

(b) In his amended motion for new trial, additional grounds of objection to this testimony were raised for the first time. These grounds cannot be considered by this court. *Langston v. State,* 153 Ga. 127 (1) (111 SE 561); *Middleton v. Waters,* 205 Ga. 847, 854 (55 SE2d 359).

2. Three enumerations of error concern the admissibility of testimony of another Federal narcotic agent. No objection was interposed to any of this testimony at trial. Objection was thus waived and these enumerations cannot be considered. *Aycock v. State,* 188 Ga. 550 (10) (4 SE2d 221); *Durrence v. Durrence,* 224 Ga. 620 (163 SE2d 740); *Lundy v. State,* 119 Ga. App. 585 (168 SE2d 199).

3. The charge of the court on entrapment was not erroneous.

4. The evidence amply authorizes the conviction.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED MAY 3, 1971—DECIDED JUNE 17, 1971—
REHEARING DENIED JULY 21, 1971.

*Aaron Kravitch, John R. Calhoun,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III,* for appellee.