## 27818. THOMPSON v. THE STATE.

NICHOLS, Justice. The defendant was tried and convicted of armed robbery and carrying a concealed weapon. A motion to suppress evidence obtained as the result of a search warrant being issued was overruled after hearing, but before a jury was selected. The appeal is from the conviction and the sole enumeration of error complains of the judgment on the motion to suppress.

The main thrust of the defendant's contention with respect to the search warrant is that it was issued to search the premises of William Middlebrooks at a designated address and that no authority was granted to search the automobile of the defendant James Thompson at such address.

The affidavit in support of the search warrant stated in part: "On 9/19/72 I received information from a reliable and confidential informer and whose information has proven valid in the past, and whose information given to me over the past 2 years, has led to the arrest and conviction of 4 persons who had

committed crimes against the State of Georgia—that on 9/17/72, he personally saw above mentioned whiskey inside the above address, and that he personally saw William Middlebrooks and another black male move the whiskey from inside the house, into the back yard. He further states that William Middlebrooks told him that this whiskey was taken in a robbery from a liquor truck at McDaniel and Peters Streets, Atlanta, Fulton County, Georgia on 9/14/72. This whiskey was reported taken in a robbery by McKesson Liquor Company to the Atlanta Police Department on 9/14/72."

Under the decisions in *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Pass v. State,* 227 Ga. 730 (182 SE2d 779) and the cases cited, the issuance of the search warrant was authorized.

Under the warrant the officers were searching for stolen liquor at the described address. Cases of liquor could be seen in the automobile parked on the premises. While the officer testified that he could not determine if the liquor was stolen without actually opening the trunk of the automobile, it cannot be said the search of the automobile so loaded that the back of it was only two inches above the ground was illegal.

It has often been held that the search of a house of a named individual includes the curtilage. See *Moon v. State,* 120 Ga. App. 141, 144 (169 SE2d 632), and cit.

In Brooks v. United States, 416 F2d 1044 (5th Cir.), it was held that the search of an automobile parked near the cabin on the lot to be searched was authorized.

In *Campbell v. State,* 226 Ga. 883, 887, supra, it was held that items may be seized under a search warrant although not specifically listed thereon when the officers have probable cause to believe the items are tangible evidence of the commission of a crime.

In the present case the officers were searching for stolen liquor, and liquor could be seen in large quantities in the trunk of the automobile. Under such circumstances, it cannot be said that the seizure of

such liquor was illegal or that the evidence obtained from such search to-wit: the identification of the defendant as owner of the automobile, was the fruit of an illegal search and seizure. Accordingly, the judgment of the trial court overruling the motion to suppress shows no reversible error and the conviction must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1973—DECIDED MAY 10, 1973—
REHEARING DENIED MAY 24, 1973.

*Edward T. Floyd,* for appellant.

*Lewis R. Slaton, District Attorney, Andrew Weathers, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellee.