## 48901. CRAIG v. THE STATE.

EBERHARDT, Presiding Judge. Harlan Craig was indicted in six counts for the illegal possession of drugs — three counts for possession of dangerous drugs in violation of the Dangerous Drug Act, Code Ann. § 79A-701 et seq. (Ga. L. 1967, pp. 296, 323), and three counts for possessing abuse drugs in violation of the Drug Abuse Control Act, Code Ann. § 79A-901 et seq. (Ga. L. 1967 pp. 296, 343). It appears from the evidence that at a late hour on the night of February 24, 1973 he was driving a Buick automobile borrowed from a friend, and that Deputy Sheriff Groover saw the car weaving across the center line and back to the shoulder of the street, stopped him, asked to see his driver's license and finding his movements to be unco-ordinated and insecure and his eyes failing to focus, concluded that he was under the influence of drugs or alcohol and, after patting him down and discovering a bulge in his jacket pocket, took him to jail. There Craig was searched and drugs were found in his pockets. Officer Groover then returned to the car, searched it and found a loaf of bread on the back seat, which he discovered to have been hollowed out and packages of drugs inserted.

Groover took the drugs to the jail, marked them for identification as he likewise did with those removed from Craig's pocket, and sealed them all in a manila envelope for transmission to the Crime Laboratory and for preservation as evidence. They were locked up until removed two days after the arrest for delivery to Deputy Sheriff Wells, who took them to the crime laboratory

for analysis. Miss Churchill, a chemist at the laboratory, analyzed the drugs, made a report thereon in accord with the laboratory regulations, and testified at the trial that she received the sealed, unopened package of drugs from Deputy Wells. She identified a copy of her report and, identifying samples of each of the various kinds of drugs in the package, testified as to what her analysis had revealed them to be. Drugs of the type described in each count of the indictment, save Count 2, were identified as having been in the parcel which Deputy Groover had sent by Deputy Wells to the laboratory. The defendant testified, denying that he had any drugs on the occasion of the arrest or that he had been under the influence of drugs or of alcohol. Because of lack of proof as to Count 2, a verdict of not guilty on it was directed, and a general verdict of guilty on all other counts was returned.

Defendant now appeals, enumerating as error (1) overruling of his motion for new trial, which was on the general grounds only, (2) admission of the state's exhibits 3, 4, 5 and 6 (the drugs as identified by Deputy Groover and Miss Churchill) on the ground that the chain of custody had not been shown prior to their introduction in evidence, (3) admission of an uncertified copy of Miss Churchill's report of the results of analyzing the drugs, and (4) failure to declare a mistrial because of remarks of the district attorney. *Held:*

1. There is ample evidence upon which the jury was authorized to return the verdict of guilty. The general grounds are without merit.

2. (a) The record discloses that the state's exhibits 3, 4, 5 and 6 (the drugs) were admitted without objection. Consequently, the second enumeration of error is without merit. *Brown v. State,* 115 Ga. App. 813 (1) (156 SE2d 180).

(b) The testimony, outlined above, was sufficient to show the chain of their custody and to identify the drugs as being those taken from defendant's person and from the automobile which he was driving, with no one accompanying him. *Watson v. State,* 93 Ga. App. 368 (91 SE2d 832); *Moody v. State,* 126 Ga. App. 108, 109 (189 SE2d 889); *Satterfield v. State,* 127 Ga. App. 528 (2) (194 SE2d 295); *Elrod v. State,* 128 Ga. App. 250 (1) (196 SE2d 360).

3. The chemist with the state crime laboratory who analyzed the drugs, Miss Katherine T. Churchill, identified her official report of findings and a carbon copy of it, signed by her and Dr. J. Byron Dawson, the assistant director of the laboratory. She had both

the original and a copy of the report with her. The copy was admitted into evidence and she was thus enabled to take the original back to the laboratory files. A copy had been furnished to defendant's counsel, and he had it before him. Objection to admission of the copy was made on the ground that "The effect of this would be — the only proof would be this witness' testimony, and would cause the jury to give undue weight to this witness' testimony, although we don't quarrel with the testimony, but I don't think that it's admissible in evidence."

The objection quoted above "was the only objection made to the introduction of the evidence at the time it was offered and admitted. If there were other objections they should have been made and urged at that time. It is well settled that this court can only consider objections made to evidence at the time the ruling was made. *Harris v. State,* 156 Ga. 582 (1) (119 SE 519); *Langston v. State,* 153 Ga. 127 (1) (111 SE 561)." *Brown v. State,* 115 Ga. App. 813 (1b), supra.

The objection made was no more than a general one, such as that evidence is prejudicial or inflammatory, and it shows no error. *Mincey v. State,* 124 Ga. App. 315 (1a) (183 SE2d 614). Appellant argues *in his brief* that allowing the copy of the report *to go out with the jury* afforded undue emphasis to Miss Churchill's testimony, citing *Strickland v. State,* 167 Ga. 452 (6) (145 SE 879) and *Shedden v. Stiles,* 121 Ga. 637 (49 SE 719). But assuming arguendo that this would have been a valid objection to permitting the report to go out with the jury, it does not appear from the record that it did go out and no such objection was made at any time before the trial court. The only objection was that admitting the report into evidence would cause the jury to give undue weight to the witness' testimony. If an objection on that ground were valid it is difficult to conceive how documentary evidence, requiring identification by the witness, could ever be admitted. Such is not the law.

"If the party or his Counsel except to the admission of evidence on specified grounds, they will be considered as waiving grounds not specified." *Goodtitle, ex dem. Bond v. Richard Roe and Watson,* 20 Ga. 135 (5). Since there was no objection relative to the report going out with the jury, it is deemed to have been waived. Further, Miss Churchill had already testified without objection to the same facts shown on the report, and no harm appears. *Jones v. Western & A. R. Co.,* 23 Ga. App. 725 (4) (99 SE 388). In *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53) a written

confession of the defendant was admitted, over objection, and the court held that "the admission of the confession was not harmful error since legally admissible evidence of the same facts was introduced."

The error *enumerated* here is that "the report had not been properly certified." Certainly this is far from the objection made when the report was introduced in evidence. An enumeration urging error in the admission of evidence for a reason different from that urged at the time the evidence was admitted can not be considered. *House v. State,* 227 Ga. 257 (181 SE2d 31); *Marshall v. State,* 129 Ga. App. 733 (4) (200 SE2d 902).

4. After the state rested the district attorney interposed an objection to the use of any witnesses for the defendant until he had been afforded an opportunity of knowing who the witnesses were and of talking with them, urging "I don't think the law imposes this unfairness on the state of requiring the state to turn over their list of witnesses to the defendant without — and then denying the state the right to have the same requirement in return, have the same opportunity to talk to the defendant's witnesses, so that there can be some idea of why they're coming in here and what they're going to testify to, so we can properly prepare the state's presentation." Whereupon defendant's counsel moved for a mistrial because "the district attorney is insinuating that this defendant is unfair." The motion was overruled, and the court directed attention to the case of *Nance v. State,* 123 Ga. App. 410 (5) (181 SE2d 295), which indicates that the defendant might be required to furnish a list of his witnesses for the purpose of enforcing sequestration.

Enumeration of error No. 4 asserts error in the denial of the motion on the ground that the remarks of the district attorney violated the defendant's privilege against self-incrimination and to a fair trial and an impartial jury.

Here again, the ground of the motion for mistrial urged at the time the motion was made is not the ground urged in this enumeration of error, and the appellant is limited on the appeal to the enumeration of error on the ground urged in the trial court. *Stevens v. State,* 228 Ga. 621 (187 SE2d 281). No error appears.

6. Grounds of error not enumerated, though argued in the brief, can not be considered by this court on appeal. *Cross v. Miller,* 221 Ga. 579, 582 (2) (146 SE2d 279); *Hickman v. Frazier,* 128 Ga. App. 552, 555 (2) (197 SE2d 441). "The Court of Appeals has jurisdiction for the trial and correction of errors of law ... (Code Ann. § 2-3708)

The Appellate Practice Act of 1965 (Code Ann. § 6-810) provides that the appellant shall file with the Clerk of the Court of Appeals 'an enumeration of the errors, which shall set out separately each error relied upon.' . . . We do not know of any law or rule of practice and procedure that authorizes the Court of Appeals or this court to examine the entire record and grant a new trial upon a ground of their own making and not upon a ground specified by the appellant. The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them." *Hess Oil & Chemical Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70). Thus we can not consider any error alleged to have been made unless there is an enumeration of it as provided in Code Ann. § 6-810, nor can we consider and reverse on an error enumerated unless it is supported in the record and shown to have been ruled on by the trial judge.

*Judgment affirmed. Pannell, J., concurs. Evans, J., concurs in the judgment.*

SUBMITTED JANUARY 11, 1974 — DECIDED JANUARY 29, 1974.

*Cook & Palmour, Bobby Lee Cook, Wm. Ralph Hill, Jr.,* for appellant.

*Samuel J. Brantley, District Attorney,* for appellee.